## SHEPARD *against* HALL.

THIS was an action of *assumpsit* against *Hall* as indorser of a promissory note. The cause was tried at *Hartford, February* term 1815, before *Trumbull, Baldwin* and *Ingersoll, Js.*

On the trial, the defence was, first, want of due notice of non-payment; and secondly, fraud in obtaining the note. The facts were these. The note was made by *Asahel Loomis,* dated the 30th of *August* 1813, and payable to the defendant or order, at the *Hartford Bank,* four months after date. Allowing three days of grace, it would be payable on *Sunday* the 2nd of *January* 1814. On *Monday* the 3rd of *January* 1814, the plaintiff's attorney addressed a letter to the defendant containing the following notice, which was delivered to him

The defence to an action on a promissory note being fraud in obtaining the note, the defendant adduced evidence of certain transactions, which, he contended, amounted to fraud; and the court in their charge left the facts to the jury, and directed them as to obtaining it,

the law, that a total raud in the consideration of a note, or in the manner of would render it void; held that this charge was correct and proper.

Promissory notes and bills payable at banks are entitled to three days grace.

Where the parties live in the same town, personal notice must be given of the non-payment of notes and bills; but in other cases, the putting of a letter into the mail addressed to the party entitled to notice, is legal notice.

personally, on the same day : " You are hereby notified, that the above note [a copy being prefixed] has not been paid, though the same was at the said bank when it became due and payable, and *M. Shepard*, whose property it is by regular assignment, looks to you as indorser thereon, and for payment of the same." On the *Saturday* preceding, immediately after the bank closed, the plaintiff also put a letter into the *Hartford* post-office, addressed to the defendant at *Meriden*, his place of residence, containing the same notice.

To shew that the note was obtained by fraud, and held by the plaintiff when he ought to have delivered it back, the defendant offered the deposition of *Reuben Ward* of *New-York*, which was admitted by the plaintiff's agreement. It was to this effect : That the plaintiff, on the 26th of *October* 1813, held *Ward's* acceptances of two drafts, drawn by *Asahel Loomis*, one dated *July* 19th 1813, for 687 dollars, payable 65 days after date, the other dated *August* 2nd 1813, for 750 dollars, payable 70 days after date ; and that *Ward* then paid to the plaintiff 97 dollars, for which the plaintiff agreed to discharge him from all liability on account of said acceptances, and accordingly gave him a writing as follows : "*Hartford, October* 26th, 1813. Received of Mr. *Reuben Ward* ninety seven dollars in full satisfaction of all claims I have upon him of every nature and description. *M. Shepard.*" The defendant then endeavoured to prove by the testimony of sundry witnesses, admitted also by the plaintiff's agreement, that said note was one of two notes put into the plaintiff's hands to pay a debt due to the plaintiff from *Loomis* for which the drafts were given ; that the plaintiff was to receive the notes in lieu of the drafts, and on the reception thereof, was to deliver up the drafts to *Loomis* ; that *Loomis* accordingly, on the 31st of *August* 1813, sent the notes to the plaintiff, then at *New-Haven*, who received the same on the terms stated, but did not deliver up the drafts ; that *Loomis* applied to the plaintiff for them, at *Hartford*, several times afterwards, but the plaintiff never delivered to him either the drafts or the notes until the 27th of *November* 1813, previous to which time, and after the reception of the notes, the plaintiff had received a payment on the drafts from *Ward*, the acceptance on one of the drafts had been erased, and the plaintiff had given a discharge to *Ward* without *Loomis's* consent or knowledge ; and that *Loomis* then

refused to receive the drafts. The plaintiff, on his part, exhibited evidence to shew, that at the time he received the notes, the drafts were in the hands of his agent in *New-York* for collection ; that *Ward* had become insolvent and unable to pay them ; and that by advice of his agents, he received by way of compromise from *Ward* the sum of 97 dollars, that sum being the excess of the amount of the drafts beyond the amount of the notes. The cause was submitted to the court and jury without argument.

The court left the facts to the jury ; and directed them as to the law, that a total fraud in the consideration of a note, or in the manner of obtaining it, would render the note void, as had been settled by the superior court, particularly in the *Georgia* cases. As to the other point, the court did not instruct the jury whether the putting of a letter into the mail was, or was not, conclusive or *prima facie* evidence of notice, or what the law respecting that fact was ; nor whether the notice given on the 3rd of *January* was sufficient.

The jury found a verdict for the plaintiff ; and the defendant moved for a new trial. The questions arising on such motion were reserved for the consideration and advice of the nine Judges.

*E. Huntington,* in support of the motion, contended, 1. That as the notes were sent to the plaintiff to be exchanged for the drafts, and under an agreement that the drafts should be returned if he retained the notes, the plaintiff did not become the proprietor of the notes until the drafts were thus returned ; and the drafts not having been returned until after they were discharged, the plaintiff had no title to the notes. The court ought, therefore, to have instructed the jury, that the plaintiff's action could not be sustained.

2. That the charge on the question of fraud was incorrect. Instead of laying down an abstract proposition, the court ought to have told the jury, that if they found the facts proved, which the defendant had attempted to prove, such facts would constitute a sufficient fraud to avoid the notes. While it was the province of the jury to say whether the party had proved his defence, it was equally the duty of the court to decide whether that defence, if proved, was sufficient.

3. That no days of grace ought to be allowed on the note in this case ; and therefore, notice was not given in season.

*New-Haven,*
June, 1815.

Shepard
*v.*
Hall.

*New-Haven,*
June, 1815.

Shepard
*v.*
Hall.

4. That if days of grace were to be allowed, still the notice given on *Saturday* when the time of grace expired, was not sufficient. He admitted, that the putting of a letter containing notice into the post-office had in *England* been held equivalent to actual notice ; yet he contended, that that rule had not been, and ought not to be, adopted in this state.

*T. S. Williams* and *J. Trumbull,* contra, insisted, 1. That the notes having been received by the plaintiff in exchange for the drafts, the drafts had thereby become satisfied, and it was immaterial whether they were returned to *Loomis* or not. As the notes were delivered directly to the plaintiff, it cannot be said that the delivery was conditional, or that they were escrows ; and as they were *voluntarily* sent, there could be no fraud in obtaining them. If *Loomis* has suffered in consequence of the drafts not being returned, he may look to the plaintiff for redress ; but the present defendant is not affected by this transaction.

2. That the question of fraud was properly left to the jury. The charge was in the language of the defence, and as the defendant wished.

3. That by the custom of merchants, and the rules of the banks in this state, sanctioned by repeated decisions of the superior court on the circuit, three days of grace are allowable on promissory notes payable at the banks.

4. That the putting of a letter into the post-office, addressed to the party, is equivalent to actual notice.

5. That the notice actually given on *Monday,* the next day after the note was payable, was in sufficient season.

SWIFT, Ch. J. In this case, it was contended on the part of the defendant, that the note was obtained by fraud ; and he introduced his evidence to prove the fact. The court pronounced to the jury the law arising in the case, that notes obtained by fraud were void, and then submitted the case on the evidence for the jury to decide whether the defendant had proved that the note was obtained by fraud. The court stated the principle of law correctly to the jury, and properly submitted to them the question of fact.

By the immemorial custom of merchants, sanctioned by judicial decisions, notes and bills payable at banks are entitled to three days grace.

Where the parties live in the same town, personal notice of the non-payment of bills and notes must be given ; but in other cases, the putting of a letter into the mail is legal notice.

In this opinion the other Judges severally concurred, except HOSMER, J. who declined acting, having been of counsel in the cause.

> New trial not to be granted.