THE HARTFORD BANK *against* STEDMAN and GORDON.

*June* 15.

A promissory note payable at the *Middletown* bank, was endorsed by *S.* residing in *Hartford,* and was discounted by the *Hartford* bank, and sent to the *Middletown* bank for collection. This note becoming payable on *Saturday,* the 25th of *September,* it was, in the afternoon of that day, presented at the *Middletown* bank for payment, and was dishonoured. *R.,* a notary public residing in *Middletown,* prepared a notice of the dishonour, sealed it up, and directed it to *S.,* leaving a blank for his place of residence; which he enclosed in a letter to *B.,* cashier of the *Hartford* bank, requesting him to add to the direction, *S.'s* place of residence, which was unknown to *R.,* though known to men of business in *Middletown.* The notice, thus directed and enclosed, *R.* put into the post-office at *Middletown,* on the same day, before the closing of the next mail to *Hartford ;* which was received by *B.,* at *Hartford,* on *Monday* morning, the 27th of *September,* who immediately wrote upon the notice, the word " *Hartford,*" and put it into the post-office at *Hartford.* Held, that the notice so given was sufficient.

Though the holder of a dishonoured note, ignorant of the indorser's place of residence, is bound to exercise due diligence to ascertain it; yet the law prescribes no specific mode of enquiry; and it is sufficient, if any mode be resorted to, which, under the circumstances of the case, is characterised by reasonable diligence.

The omission by *R.,* to waste time in making enquiry at *Middletown,* and his sending the notice immediately to a person acquainted with the indorser's place of residence, that the deficiency in the direction might be supplied, satisfied the rule of law, requiring reasonable diligence.

The holder of a dishonoured note, is not obliged to send notice of non-payment, until *the next day* after its dishonour.

A note payable at a particular place, must be presented at that place for payment, although the parties to it reside elsewhere.

It is not necessary that a demand of payment be made, or notice of non-payment given, by a party to the note; it being sufficient, if it be done by a notary public, or by a person having a parol authority for that purpose, or the lawful possession of the paper.

Where the party to be affected with notice, resides in the same town, in which the paper was dishonoured, the notice must be personal, or left at such party's dwelling-house, or place of business; but if he resides in a different town, the notice may be, and usually is, by mail.

The usage of banks, by one of which a note was discounted, and at another of which it was made payable, respecting the mode of giving notice, may be shewn as evidence of the *assent* of the parties to such usage, and of their *waiving* their legal claims. [*Per* two Judges, the others expressing no opinion.]

THIS was an action of *assumpsit,* brought against the defendants, as the indorsers of a promissory note, made by *Will-*

Hartford,
June,
1821.

Hartford Bank
v.
Stedman &
Gordon.

iam *Belcher*, dated *May* 22, 1819, and payable at the *Middle-town* bank, four months after date.

The cause was tried at *Hartford, February* term, 1821, before *Peters*, J.

The note in question had been discounted at the *Hartford* bank, and sent to the *Middletown* bank for collection. It became payable on *Saturday*, the 25th day of *September*, 1819. After four o'clock in the afternoon of that day, it was duly presented for payment, at the *Middletown* bank; and payment was refused; of which notice was thus given. *M. T. Russell*, Esq. a notary public, residing at *Middletown*, wrote a letter of notice, in the usual form, sealed it, and addressed it to the defendants; but being ignorant of their place of residence, he left that part of the direction *blank*. This letter of notice he enclosed in a letter addressed to *Horace Burr*, cashier of the *Hartford* bank, requesting him to complete the direction, by adding the defendants' place of residence; which, with its enclosure, he put into the post-office at *Middletown*, on the same 25th day of *September*, before the closing of the next mail to *Hartford*. The letter, in the due course of the mail, reached *Burr*, at *Hartford*, on *Sunday*, the 26th, or at farthest, on *Monday* morning, the 27th, of *September*. He immediately wrote upon the letter of notice, by way of direction, the word "*Hartford*," (that being the defendants' place of residence,) and put it into the *Hartford* post-office.

The plaintiffs claimed, that this was according to the usual course of proceeding, in such cases, by the *Hartford* and *Middletown* banks, which was known to the defendants. They also claimed, that they had proved, that neither *Russell*, nor any of the officers of the *Middletown* bank, knew the defendants' place of residence, and that their place of residence was not generally known in *Middletown*.

The defendants denied, that any notice of non-payment had been given them; and claimed to have proved, that they had been in habits of business in *Middletown*, and that their place of residence was well known to men of business there; but that no enquiry was made, nor any measures taken, to ascertain it.

The plaintiffs requested the judge to instruct the jury, that if they should find, that *Russell* did not know the defendants' place of residence, when the note became payable, and that

a letter from him, directed to the defendants at *Hartford*, giving them notice of non-payment, was in the post-office at *Hartford*, within such time as would have been sufficient, if he had made enquiry at *Middletown*, this would be sufficient.

The judge instructed the jury as follows: " When notice is to be sent from one post-town to another, it must be deposited in the post-office in season to go by the next post. This is sufficient evidence of its reception. But where notice is not to be transmitted by mail, actual notice must be proved to have been given to the party, or left at his place of residence. The depositing of it in the post-office in the town wherein he resides, is not sufficient. As a reason for not addressing notice to the defendants at *Hartford*, by mail, from *Middletown*, the plaintiffs claim, that the residence of the defendants was unknown to the notary, giving the notice, and request the court to instruct you, that he was not bound to make enquiry at *Middletown* for the residence of the defendants. But the law is not so. The notary was bound to make the enquiry ; and if the residence of the defendants was generally known to men of business in *Middletown*, the ignorance of the notary is no excuse for his neglect."

The jury returned a verdict for the defendants ; and the plaintiffs moved for a new trial, on the ground of a misdirection. The judge reserved the motion.

*Trumbull* and *W. W. Ellsworth*, in support of the motion, contended, 1. That the notice proper to be given, and in fact given, in this case, was notice from the *Middletown* bank, where the note was payable, where it was presented for payment, where it was dishonoured, and where, of course, its dishonour was first known. *Woodbridge* & al. v. *Brigham* & al. 13 *Mass. Rep.* 556. The holder of a bill or note, at the time of its dishonour, is, in all cases, the proper person to give notice. This note, at the time of its dishonour, was held by the *Middletown* bank ; and the duty of giving notice devolved on *Russell*, as the agent of that institution. At any rate, *Russell* was lawfully in possession of the note ; and it was competent for him, by virtue of such possession, as well as in his capacity of notary public, to give the notice. *The Bank of Utica* v. *Smith*, 18 *Johns. Rep.* 240. Nor did the notice given by him, cease to be a notice from him, in consequence

*Hartford,*
*June,*
1821.

*Hartford Bank*
*v.*
Stedman &
Gordon.

*Hartford,*
*June,*
1821.

*Hartford Bank*
*v.*
*Stedman &*
*Gordon.*

of the addition made to the superscription at *Hartford.* The act, if done by authority from the *Hartford* bank, could not, from its nature, have this effect. But, in this transaction, *Burr* acted not as an officer of the *Hartford* bank, but merely as the agent of *Russell.* *Burr* did not attempt to give notice ; nor was any notice from him necessary.

2. That the notice thus given by *Russell*, was reasonable and sufficient. In the first place, *personal* notice to the defendants was unnecessary, as they lived in a different town from the holder, or the person by whom notice was to be given. *Shepard* v. *Hall*, 1 *Conn. Rep.* 329. 333. *Ireland* v. *Kip*, 10 *Johns. Rep.* 490. 493. Secondly, the holder, being ignorant of the defendants' place of residence, was entitled to *extra* time to make enquiry. *Bateman* v. *Joseph*, 2 *Campb.* 461. S. C. 12 *East* 433. Thirdly, the mode, adopted by *Russell*, of ascertaining the defendants' place of residence, was reasonable and proper. From *Burr*, he could obtain certain information, and with the least possible delay. Fourthly, notice may be circuitous : in other words, it is not a fatal objection, that notice is not transmitted by the shortest and most direct line of communication. *Colt* & al. v. *Noble*, 5 *Mass. Rep.* 167. *The Bank of Utica* v. *Smith*, 18 *Johns. Rep.* 230. 240. Sixthly, in ascertaining the time, which the holder is entitled to, for the purpose of giving notice, *Sunday* is to be stricken from the computation. In relation to this subject, *Monday* is the *next day* to *Saturday.* This will not be controverted. Seventhly, in ordinary cases, where there is no special excuse for delay, the law does not require notice to be sent, by the next practicable post, but by the post of the next day. *Williams* v. *Smith*, 2 *Barnw. & Ald.* 496. 500. *Wright* v. *Shawcross*, 2 *Barnw. & Ald.* 501. n. *Haynes* v. *Birks*, 3 *Bos. & Pull.* 599.

According to these principles, it would have been abundantly sufficient, if *Russell* had put a letter of notice, properly directed, into the post-office at *Middletown*, on *Monday*, in season to go by that day's post ; which would have reached the post-office at *Hartford*, on *Monday* evening ; whereas he, in fact, sent a letter of notice, by an earlier post, and procured it to be properly directed, and deposited in the *Hartford* post-office for delivery, on *Monday* forenoon.

*Hartford,*
*June,*
1821.

Hartford Bank
*v.*
Stedman &
Gordon.

3. That the claim made by the plaintiffs, that the notice given, was according to the usage of the banks, which was known to the defendants, ought to have been submitted to the jury. *The Lincoln & Kennebeck Bank,* v. *Page,* 9 *Mass. Rep.* 155. 157. *Blanchard* v. *Hilliard,* 11 *Mass. Rep.* 85. 88.

*T. S. Williams,* contra. 1. The law requires *actual* notice of the non-payment of a note, or acts *tantamount* to notice. In this case, actual notice was not given. Have the plaintiffs shewn acts tantamount to notice ? *Saunderson* v. *Judge,* 2 *H. Bla.* 509. was the first case, in which it was decided, that the putting of a letter of notice into the post-office, properly directed, and in proper time, was sufficient notice. No subsequent case has established a rule less strict. The rule is in itself a plain one ; and it is unsafe to depart from it. Here was, at least, an interruption of the regular course of conveyance by mail. It subjected the persons entitled to notice, to a double hazard of miscarriage.

The note in question had been discounted by, and was the property of *The Hartford Bank,* the plaintiffs in this suit. They, of course, were acquainted with the defendants' place of residence ; and if there has been any irregularity in the transmission of notice, they are without excuse. If it was necessary for them to put the note out of their hands for collection, it was incumbent on them to communicate with it the information requisite for giving the proper notice.

If the notice attempted to be given, in this case, was notice from the *Middletown* bank, or from their agent, *Russell,* their and his ignorance of the defendants' place of residence, will be of no avail, as an excuse, unless due diligence was used to make enquiry. The sending of a letter, under cover, to a third person, was not such diligence. *Russell* was bound to make enquiry at *Middletown.* And it is no sufficient excuse for his neglect, that he did not know from whom the desired information might be obtained. *Barnwell &* al. v. *Mitchell,* ante, 101. 106.

It was the duty of the *Hartford* bank, after receiving this notice, to send it to the defendants, *personally.* If it was *Russell's* privilege to discharge his duty, by putting a letter of notice into the post-office, that privilege did not attach to *Burr.* He lived in the same town with the defendants ; and

*Hartford,*
*June,*
*1821.*

*Hartford Bank*
*v.*
*Stedman &*
*Gordon.*

was bound to give them *personal* notice. *Ireland* & al. v. *Kip*, 10 *Johns. Rep.* 490. Suppose *Russell* had given notice to the *Hartford* bank, and not to the defendants; would it not be incumbent on the cashier to give *personal* notice to the defendants? And does it make any difference, that the notice which the cashier, in the present case, was to give, had previously come from *Middletown*, on the same piece of paper?

The acts of *Burr*, in relation to this notice, were done in his *official* capacity. His principals owned the note. They alone were interested to hold the indorsers. If the cashier's conduct was correct, it is for their benefit; if otherwise, their's is the loss.

2. The claim as to usage, is not so stated in the motion, that the court can regard it. The motion does not state *what the usage is*: it only says, that the defendants claimed, that the proceeding was conformable to it. But if a usage of the *Hartford* and *Middletown* banks, were distinctly stated, it would avail nothing; it would not controul the rules of law. It will not be claimed, that the usual course of proceeding at these banks, constitutes *a commercial custom*.

HOSMER, Ch. J. The charge to the jury, in this case, was not conformable to law. It comprised these two propositions; that the notary should have made enquiry at *Middletown*, for the place of the defendants' residence, the omission to do which, was a fatal neglect; and, that the holders were obliged to give immediate notice of non-payment to the defendants, and to deposit it in the post-office in season to go by the next mail. To these positions, I cannot accede.

A neglect to make enquiry, when the residence of the person is unknown, accompanied with the entire omission to give notice, or the transmission of notice in such a manner, that it was not received, nor likely to have been received, is entirely inexcusable. It is emphatically the omission of reasonable diligence. But if a mode of reasonable notice, characterised by due diligence, be resorted to, the enquiry contemplated, becomes useless. The cases of *Chapman* v. *Lipscombe*, Johns. Rep. 294. and *Barnwell &* al. v. *Mitchell*, ante, 101. were determined on the principle, that want of knowledge, which might easily have been procured, constitutes no excuse; and have no bearing on the question before us. *Burr*

was acquainted with the residence ·of the defendants ; and a notice, with due diligence, sent to him, by the mail, to complete the direction, and to put it into the post-office at *Hartford* for transmission, was all that reasonably could have been required. This point was decided in the case of *The Utica Bank* v. *Smith,* 18 *Johns. Rep.* 240. ; and with entire correctness.

*Hartford,*
June,
1821.

Hartford Bank
*v.*
Stedman &
Gordon.

No specific mode of notice, is by law prescribed; nor is any thing further required, than the exercise of ordinary and reasonable diligence.

The holder of an inland bill or note, is not obliged to send notice of non-payment, until the *next day* after its dishonour. It is said by *Chitty,* p. 320. that " it is in no case necessary to give notice of non-payment of an inland bill on the day of refusal ;" and decided cases warrant the assertion. *Haynes* v. *Birks,* 3 *Bos. & Pull.* 599. *Darbishire* & al. v. *Parker,* 6 *East* 3. *Scott* v. *Lifford,* 9 *East* 347. *Robson* & al. v. *Bennett* & al. 2 *Taun.* 388. *Lansdale* & al. v. *Trimmer,* 15 *East* 290. *Williams* v. *Smith,* 2 *Barnw. & Ald.* 498. " The holder of a bill," said Lord *Ellenborough,* in *Smith* v. *Mullett,* 2 *Campb.* 208. " is not, *omissis omnibus aliis negotiis,* to devote himself to giving notice of its dishonour. It is enough, if this be done with reasonable expedition. If you limit a man to the fractional part of a day, it will come to a question how swiftly the notice can be conveyed." The same point is established, in a contiguous sister state. *Jackson.* v. *Richards,* 2 *Caines* 343. *Ogden* & al. v. *Cowley,* 2 *Johns. Rep.* 274. *Bank of Utica* v. *Smith,* 18 *Johns. Rep.* 230. And so far as my knowledge extends, this is conformable to our practice.

The note being payable at the *Middletown* bank, that was the place at which it should be presented for payment. *Saunderson* & al. v. *Judge,* 2 *H. Bla.* 509. *Woodbridge* & al. v. *Brigham* & al. 13 *Mass. Rep.* 556. *Chitt. Bills,* 266.

To the fact or legality of the presentment, no objection has been made. Nor is it susceptible of controversy, whether the notice of dishonour was given by the proper person. I consider it to be unquestionably established, on the foundation of general usage, that neither the demand nor notice need be by a party to the note or bill. It is sufficient if a demand is made, and notice given, by a notary. In the case of *The*

*Hartford,*
*June,*
*1821.*

Hartford Bank
*v.*
Stedman &
Gordon.

*Bank of Utica* v. *Smith,* 18 *Johns. Rep.* 240. it was said, by *Spencer,* Ch. J., alluding to demands made by notaries; " These officers are in the practice of doing so; and being commissioned by the government, their official acts are of a more solemn nature than those of individuals: For the same reasons, a notice of non-payment by a notary, is also available; and it is the constant and uniform course, sanctioned by a long and continued usage." A demand of payment, by an agent, having parol authority, or the mere possession of the paper, is sufficient to validate the presentment and notice. *Freeman* & al. v. *Boynton,* 7 *Mass. Rep.* 483. 486. *Little* v. *Obrien,* 9 *Mass. Rep.* 423. 427.

There exists no doubt that notice might legally be transmitted by the mail. Where the parties reside in the same town or city, at which the acceptance or payment is refused, the notice must be personal, or left at the dwelling-house, or place of business, of the party to be charged. *Ireland* & al. v. *Kip,* 10 *Johns. Rep.* 490. S. C. 11 *Johns. Rep.* 231. But if they reside in a different town, the notice may be, and usually is, by mail. This principle is too firmly established in reason and general convenience, to be shaken by argument, or varied by artificial exceptions.

It has been said, that after the letter directed to the defendants, had reached the hands of *Burr,* the cashier of the *Hartford* bank, he should have delivered it personally. This observation entirely misconceives the nature of the transaction, and the capacity in which *Burr* acted. The notice was not sent to the *Hartford* bank, to be by them transmitted; nor was it received by *Burr,* as cashier; but as the agent of the notary, on his personal request and authority. The letter was never in possession of the *Hartford* bank, nor of their agent, acting in the capacity of agent; and the misconception of these facts, could alone give birth to a question on this subject.

If the law exacted of the holder of a bill or note, that he should give the earliest possible notice of its dishonour, short of sending it by express; the facts contended for, by the plaintiffs, would satisfy the principle. It is clearly apparent, that the letter was received by *Burr,* and after the superscription of the defendants' place of residence, put into the post-office at *Hartford,* as early as it would have been there,

had the direction been perfected at *Middletown*.  The letter was delivered for transmission at the post-office, if the plaintiffs' claim is correct, more than a day previous to the time by law required ; and was awaiting the reception of the defendants at *Hartford*, several hours before the period in which they could legally demand it.   If the notice was at the risk of the plaintiffs, (a point on which I express no opinion) until it was deposited in the post-office at *Hartford*, by *Burr*, this, so far from furnishing the defendants with an objection, pre-eminently establishes it to have been the more unobjectionable.

Hartford,
June,
1821.

Hartford Bank
*v.*
Stedman &
Gordon.

The principle, that the law requires the exercise of ordinary and reasonable diligence, but not the earliest notice possible, was, in my judgment, best complied with, by omitting to waste time in an enquiry at *Middletown*, which might have been unavailing, and sending the notice immediately to a person acquainted with the defendants' place of residence, that the deficiency in the direction might be supplied.

It was claimed by the plaintiffs, that the proceeding in relation to the notice, was according to the course usually pursued, by the *Hartford* and *Middletown* banks, in such cases ; which was known to the defendants ; and that if this fact were true, the objections made by the defendants, were entirely subverted ; and that, to this effect, the jury should have been instructed.   There is no *universal* rule, as to what shall constitute reasonable notice.   It is a fact required for the benefit of the persons, who are to be charged, by reason of the dishonour of a bill or note ; and such persons, undoubtedly, may waive this privilege.   This may be effected, by an explicit waiver, or by one implied from other facts appearing in the case.   In *Blanchard* v. *Hilliard*, 11 *Mass. Rep.* 85. it was adjudged, " that the usages of a bank, at which the parties to a promissory note are accustomed to transact business, respecting the time of demand and notice on such notes, may be shewn, not as forming rules for the decision of the court, but as evidence of the assent of the parties to such usage, and of *their waiving their legal claims*.   To the same effect is the case of *The Lincoln & Kennebeck Bank* v. *Page*, 9 *Mass. Rep.* 155. decided by the same court.

*Hartford,*
*June,*
*1821.*

Hartford Bank
*v.*
Stedman &
Gordon.

If the facts claimed by the plaintiffs are susceptible of proof, the demand against the defendants ought to be substantiated; and that this may be attempted, I would advise a new trial.

PETERS, J. It requires neither arguments nor authorities to prove, that payment of the note in question was demanded at the proper time and place, by a proper person. Though a notarial protest of inland bills and promissory notes is unnecessary, and serves only to enhance expence; yet his acts are as valid as those of any other agent. What, then, was his duty? To demand payment of the note, and give notice of its dishonour to his principal, or the party to be charged thereby. But it was the paramount duty of the principal to see that notice was given.

Notice is either actual or constructive. The first is necessary, when the parties reside in the same town. This is not pretended; and the facts disclosed, furnish no evidence of the latter. In *Ireland* v. *Kip,* 10 *Johns. Rep.* 490. S. C. 11 *Johns. Rep.* 234. where the parties resided in *New-York,* it was expressly decided, that notice deposited in the post-office in that city, was insufficient, although the defendant had directed the letter-carriers of the post-office, to leave all letters that came to the post-office for him, at a particular house not his residence. "It is an invariable rule," says *Spencer,* J., in delivering the opinion of the court, "that when the parties reside in the same city or place, notice of the dishonour of bills or notes must be *personal,* or something *tantamount,* such as leaving it at the dwelling-house, or place of business, of the party." The delivery of such notice at the post-office, unaccompanied with proof that it was *actually delivered* at the house, is not notice. Had the plaintiffs' cashier made the demand, and lodged his notice in the post-office in *Hartford,* or had the notary done the same, the case would have been precisely within the rule in *Ireland* v. *Kip.* What more has been done? The notary at *Middletown,* where the residence of the defendants was a matter of public notoriety, but unknown to him, neglects to enquire, and sends his notice to his employer, who, instead of handing it to the defendants, puts it into the post-office at *Hartford,* and now claims, that it is notice by mail. Had it been properly directed and

mailed at *Middletown*, it would have been sufficient evidence of notice, whether received or not.

In *Barnwell* & al. v. *Mitchell*, ante 101. where notice was improperly directed, the residence of the defendant was known to the public, but unknown to the plaintiff, who neglected to enquire, this court unanimously decided, that the defendant was not liable.

The usage of the banks, said to have been known to the defendants, was so faintly urged at the trial, that it escaped observation; and is now so imperfectly stated, that it ought to escape notice.

I would not advise a new trial.

BRAINARD, J. concurred fully in the opinion of the Chief Justice.

CHAPMAN and BRISTOL, Js. concurred also in that opinion, except what relates to the usage of the banks. On this point, the former declined giving any opinion, as there was, without it, sufficient ground for a new trial; while the latter thought, that the usage claimed was not so stated, that it could be properly considered in the decision of the case.

New trial to be granted.