## FOARD v. JOHNSON.

1. Where a bill is dated at a particular place, the drawer cannot be charged by a notice of non-payment deposited in a Post Office and addressed to him at that place, unless that was the Post Office nearest his residence, or unless, upon diligent inquiry, his residence could not be ascertained.

THIS was an action of assumpsit brought by the defendant in error, in the County Court of Sumter, upon a bill of exchange, for two thousand two hundred and nineteen and forty-one hundredths dollars, drawn by the plaintiff in error, at Mobile, on the 28th of January, 1837, in favor of Jas. Bates, Jr., on Jas. F. Roberts. The plaintiff below claims title to the bill as an indorsee.

The cause was tried on the general issue. At the trial, the presiding Judge sealed a bill of exceptions, at the instance of the defendant below. The only evidence offered on the part of the plaintiff below, was the bill of exchange declared on, and a protest thereof for non-payment, together with notice of the non-payment and protest, which it was shown, was deposited in the Post Office at Mobile, addressed to the defendant at that city. It was then proved on the part of the defendant, that he resided in the County of Sumter when the bill was drawn, and had ever since continued to reside there. No other evidence was offered on either side. The defendant by his counsel, then moved the Court to charge the jury, that the notice of non-payment deposited in the Post Office at Mobile, was insufficient, and that no notice of protest to the defendant had

been proved; which charge the Court refused to give; and thereupon the defendant excepted.

The jury found a verdict for the plaintiff, and judgment being thereon rendered, the defendant has prosecuted a writ of error to this Court.

Boyd, for the plaintiff in error.
J. B. Clark, for the defendant.

COLLIER, C. J.—The only question raised at the argument was this: where a bill is dated at a particular place, can the drawer be charged by a notice of non-payment, deposited in the Post Office, addressed to him at that place, although it appear, that he did, at the time the bill was made, and has ever since resided elsewhere, much nearer other Post Offices, than that in which the notice was deposited?

. In the case of McGrew v. Toulmin, 2 Stewt. & Por. Rep. 436, Judge Taylor held, that it was not sufficient to look for the drawer at the place the bill was dated, if his residence be elsewhere. Drafts are often in the course of trade, drawn in one place, by persons who are known by all the parties to them, to live in another. To sustain his conclusion, the learned Judge cites Fisher v. Evans, 5 Binney's Rep. 541, which is a case directly in point.

But it has been insisted in argument, that upon this point, McGrew v. Toulmin is overruled by Robinson & Davenport v. Hamilton, 4 Stewt. & Por. Rep. 91. In that case the bill was drawn at "Wigginsville." It was proved, that at maturity it had been regularly protesteted for non-payment, and a notice thereof directed to the drawer at "Wigginsville," deposited in the Post Office at Mobile. There was no evidence that the plaintiff knew of the drawer's residence, or whether there was a Post Office at Wigginsville. The Circuit Court charged the jury, that the plaintiff had not used due diligence; unless they believed that there existed a Post Office at Wigginsville; or that the defendant had, in fact, received notice. Judgment being rendered for the defendant, the plaintiffs brought their case into this Court. Lipscomb, C. J., in delivering the opinion of the Court, said, "The drawer of the bill had designated his

place of residence as Wigginsville. It was in his power to have given it a more particular description; his failing to do so in all probability, misled the plaintiff. They may well have inferred from the description given, that the place was of sufficient notoriety to dispense with any other.

" If the maker's place of residence was not known to the holder, and he could not ascertain it, by using reasonable diligence, it would relieve him from the necessity of giving notice. We are therefore of opinion, that the notice was sufficient, unless the knowledge had been brought home to the holder of the bill, that there was no Post Office at " Wigginsville," or that the maker resided at, or near a Post Office."

The Court supposed, 1st. That the place where a bill was dated, was to be regarded as the drawer's residence. That a notice addressed to him at that place, by mail was sufficient; unless the holder knew, that there was no Post Office there, or that the maker resided at, or near a Post Office.

True, it has been held, that where the drawer dates his bill, generally as " Manchester," that a notice directed to him equally general sufficed. [Mann v. Ross, Ryl & Mood, Rep. 249.] But the question in that case, was not whether the place where the bill was dated, indicated the drawer's residence so conclusively, as to make a notice sent there sufficient ; but it was, as to the generality of the direction of the notice, or whether the street and number of the drawer's residence, in a city as large as " Manchester," should not have constituted a part of the drawer's address.

In Chapman v. Lipscomb, 1 Johns. Rep. 294, the bill was drawn and dated at *New York,* but the drawers resided at *Petersburg,* and the question was, whether notice should not have been sent to the latter place. There was no evidence, that the holder knew that the defendants resided there ; he made inquiry at the Banks and elsewhere, and being informed that the drawers resided at *Norfolk,* he sent a notice, by mail, to them at that place, and another addressed to them at *N. York.* This was held sufficient. The Court cited this case, to sustain their opinion in Robinson & Davenport v. Hamilton ; but it will be seen that it is very dissimilar, both in its facts, and the principles on

which it rests. If the place where the bill was dated, was to be regarded as the drawer's residence, a notice, sent to *New York* would have been considered sufficient, without proof, that the holder had made inquiry upon that subject; but the holder was only excused from giving due notice, upon the ground that, after employing reasonable diligence, he could not ascertain where the drawers resided. Such an excuse is always available. [Chitty on bills, 486, et post, and cases cited, 9, Am, ed.; Williams v. The Bank of the United States, 2 Peters' Rep. 96; Galphin v. Hard, 3 McCord's. Rep. 394; Preston v. Dayson, et al., 7 Lou. Rep. 7.]

The most thorough examination has not furnished us any other case, than that cited from 4 Stewt. & Por. Rep., in which the place where a bill is dated, is regarded such evidence of the drawer's residence, as to relieve the holder of the bill from the necessity of inquiry on the subject; and upon principle, it cannot be so considered. By giving locality to the act of drawing a bill, the drawer admits that he is at that place, at that time; but certainly not, that he will be there at the maturity of the bill. The right of locomotion is accorded to all, and none exercise it more frequently than those engaged in commerce.

It was then incumbent upon the holder of the bill in question, if ignorant of the drawer's place of residence, to have made diligent inquiry to ascertain it, and when ascertained there to have sent the notice. As this course was not pursued, the County Court erred in its refusal to instruct the jury as prayed; its judgment is conseqently reversed, and the cause remanded.