## THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT DECATUR v. PEIRCE.

1. Where a note or bill is dated at a particular place, it is not sufficient, in order to charge an indorser, to send him a notice by mail, to that place, if he lives nearer and is in the habit of receiving his letters at another post office; unless the holder has used reasonable diligence to ascertain his address.

2. The holder of paper is supposed to employ proper diligence to ascertain the indorser's address, if he makes enquiry of different persons living at the place where the paper is payable, whom he may suppose the most likely to give the desired information; and if such inquiries are unavailing, it will be sufficient if he send by mail, a notice addressed to the indorser at the place where the paper is dated.

Writ of error to the County Court of Morgan.

THIS was a proceeding by notice and motion, at the suit of the plaintiff in error, to recover of the defendant, the amount of a promissory note of which he was the indorser. The cause was tried on the plea of *non-assumpsit*. On the trial, the plaintiff excepted to the ruling of the Court.

From the bill of exceptions, it appears, that the plaintiff having offered the notarial protest, setting forth a demand, protest and notice of non-payment of the note in suit, the defendant proved that he resided nearer the post-offices at *Red Hill* and *Warrenton*, in the county of Marshall, than he did to the post-office, to which the notice was sent; and that he had been

known to receive letters at the former office. The plaintiff then offered to prove by the notary, protesting the note, that before sending the notice of protest to the defendant, he made inquiry, and used diligence to discover the place of residence and proper post-office of the defendant, and inquired of the officers of the Branch Bank, and other persons residing in and about the town, in which the Bank was located, who were likely to know at what place he resided; all of whom were unable to give him the desired information; and thereupon, he addressed a notice to the defendant, directed to " Marshall county, Ala."— the note appearing on its face, to have been there made. To the admissibility of this evidence, the defendant objected; his objection being sustained by the Court, the plaintiff excepted.

McCLUNG, for the plaintiff in error. The question presented by the bill of exceptions, has not been considered by this Court, in any case heretofore decided. In Foard v. Johnson, 2 Ala. Rep. 565, it was determined that a notice sent by mail, to the drawer or indorser at the place where a bill was dated, was not sufficient, where it appeared that he resided nearer or received his letters at another post-office ; unless the holder after having used due diligence, was unable to ascertain his place of residence. But in that case, the Court do not undertake to define what is due diligence, and it is insisted, that the facts proposed to be proved by the plaintiff, constitute a sufficient excuse for the failure, regularly to notify the defendant of the non-payment of the note.

HOPKINS, for the defendant. If the residence of the defendant was unknown to the holder of the note at the time of its maturity, due diligence should have been used to ascertain it, and notice of non-payment given him, immediately upon its being ascertained. 15 Eng. C. L. Rep. 242 2, Camp. Rep. 462; 3 ibid. 262; Chitty on bills, 9 Am. ed. 486, 7, 524, 5 and Notes; 3 Conn. Rep. 101; 4 Wend. Rep. 328, 398; 13 Johns. Rep. 432; 16 ib. 218; 3 Greenl. Rep. 233; 2 Ala. Rep. 565.

If the holder rely upon a misdirected notice, he must show that the misdirection was attributable to the defendant. Chitty on bills, 488; 11 East Rep. 114.

Where the holder of paper is ignorant of the indorser's residence, he should make inquiry of the previous parties to the

bill, if their residence is known.   If the information cannot be obtained from them, then resort must be had to other persons. Chitty on Bills, 9 Am. ed. 487 '8 and Note; 3 Greenl. Rep. 233; 15 Eng. C. L. Rep. 242; 3 Camp. Rep. 262; 2 Ala. Rep. 565.

COLLIER, C. J.—In Foard v. Johnson, 2 Ala. Rep. 565, the bill was drawn and dated at Mobile, but the drawer, at the time of the drawing and maturity of the same, resided in the county of Sumter.   The bill not being paid, it was protested for non-payment, and notice thereof deposited in the Post Office at Mobile, although the drawer resided much nearer other post offices: it was held, that the place where the bill was dated could not be regarded as such evidence of the drawer's residence as to relieve the holder from the necessity of making inquiry on the subject; and that if ignorant of it, he should have made diligent inquiry to ascertain it, and when ascertained, there have sent the notice.   This decision leaves it an open question, whether the holder of paper, in order to free himself from the imputation of laches, in giving notice to the drawer or endorser, whose residence is unknown, should resort to the other parties to the paper for information.   This measure of diligence has, in several cases, been holden to be necessary.   Thus, in Beveridge v. Burgis, 3 Camp. Rep. 262, the excuse alleged for the omission to give notice was, that the plaintiff, an indorsee was ignorant of the address of the defendant, and indorser, and that he had made inquiry upon the subject at a house in the place where the bill was made payable by the acceptor. Lord Ellenborough said, "ignorance of the indorsers residence may excuse the want of due notice, but the party must show that he has used reasonable diligence to find it out.   How should it be expected, that the requisite information should be obtained where the bill was payable?   Inquiries might have been made of the other persons whose names appeared upon the bill, and application might have been made to persons of the same name with the defendant, whose addresses are set down in the *directory.*   Ignorance may excuse, but reasonable diligence must be used to obtain knowledge:"   See also Hill v. Vanell, 3 Greenl. Rep. 233.   These are the only cases we have seen, in which so strict a requisition has been made of the holder of paper, where he is ignorant of the residence of the draw-

er or indorser; and we are satisfied that their recognition as authority here, would be productive of great inconvenience. Our population is so sparse, and the means of communication in some parts of the country, so difficult and tardy, as to impose not only an undue burden, but cause great delay in the collection of debts, if the holder should be required to resort to the other parties to a bill or note, to learn where the drawer, or a particular indorser might be reached with a notice. Not only assignable, but negotiable paper has become very common in the ordinary business transactions of society, and the true policy is not to interpose difficulties to its collection, but rather give increased facilities to the creditor, so far as is consistent with the rights of the debtor. Such seems to be the tendency of judicial decision.

In Chapman v. Lipscombe and Powell, 1 Johns. Rep. 294, it appears that the defendants, residing in Petersburg in Virginia, drew a bill, dated at New York, on persons residing there, who accepted it. When the bill became due, payment was demanded of the acceptors, which was refused. The clerk of the notary, who had protested it, testified that he had made diligent inquiry after the defendants, at the Banks in New York, and elsewhere, and the information was, that they resided at Norfolk, in Virginia,—that on the day of its protest, or the day after, he put two notices in the post office of the city of New York, one directed to the defendants at New York, the other, to the defendants at Norfolk, informing them of the protest for non-payment. The Court held, that due notice of the dishonor was given: "The bill was drawn and dated at New York, and there is no evidence that the plaintiff knew that the defendants resided at Petersburg; he inquired at the Banks and elsewhere, and being informed that the drawers resided at Norfolk, he sent a notice by post to them, and another addressed to them at New York; this is sufficient, and all that ought to be required of him. He has used due diligence." See also Reid v. Payne, 16 Johns. Rep. 218; Cuyler v. Nellis, 4 Wend. Rep. 398; Bank of Utica v. Phillips, 3 ib. 408; Wells v. Whitehead, 15 Wend. Rep. 527; Bank of Utica v. Bender, 21 Wend. Rep. 643.

In the Hartford Bank v. Stedman & Gordon, 3 Conn. Rep. 489, it appears that the notary, instead of making inquiry about

the indorser's address, sent a notice directed to him, inclosed in a letter to a person who knew where he resided, requesting that the direction might be completed, and the notice forwarded.— The Court held, that although the holder of paper is bound to use due diligence to ascertain the indorser's residence, yet in the case before them, "the omission of the notary to waste time in making inquiry, and sending the notice to a person acquainted with the indorser's place of residence, that the deficiency in the direction might be supplied, satisfied the rule of law, requiring reasonable diligence." To S. P. Shepard v. Hall, 1 Conn. Rep. 329; Colt v. Noble, 5 Mass. Rep. 167; Utica Bank v. Smith, 18 John. Rep. 240.

The strictness of the rules of law which once obtained, in respect to the notice necessary to charge a drawer or indorser, has been greatly relaxed, and instead of requiring of the holder of paper the employment of all possible diligence, it is enough if he has used such diligence as is reasonable. To show that such is the law, many other cases might be cited, but we will content ourselves with a single additional citation to the point. In Williams v. The Bank of the United States. 2 Peters' Rep. 96, it was shown, that the notary called at the house of the indorser, which was shut up, and the door locked, and was informed that he and his family had left town on a visit; but for what length of time he did not know, nor did he inquire. He used no other diligence to ascertain whither the indorser had gone, or whether he had left an agent in town. He, however, left a notice at the house of the next neighbor, with a request that it might be delivered to the indorser when he returned. *Held*, that this was sufficient diligence to charge the indorser.

Our conclusion, from a review of the authorities, as well as from the reason of the thing is, that the holder of a negotiable paper, if ignorant of the residence of the indorser, is not bound to go abroad to inquire of the other parties to it; and that he satisfies the rule, requiring the employment of reasonable diligence, if he makes inquiry of different persons, living at the place where the paper is payable, whom he may suppose most likely to impart the desired information. In the case before us, it is shown, that the notary inquired of the officers of the Bank at which the note was payable, and of other persons residing in and about the town where the Bank was located, for the

defendant's address, before he mailed the notice directed to him, at the county in which the note was dated. This, in our opinion, was quite sufficient to entitle the plaintiff to recover, whether or not the notice reached the defendant as soon as it would if other steps had been taken. The consequence is, the instruction to the jury was erroneous, and the judgment must be reversed, and the cause remanded.