## LACY v. HOLBROOK, BOWMAN & Co.

1. A plea admitting of two constructions will be construed most strongly against the pleader.
2. The terms "funds current in the city of New York," mean gold or silver, or something equivalent and convertible into the precious metals.
3. A protest for non-acceptance of a bill which recited that on a day before the maturity of the bill it was received by the notary, presented, protested, &c., and at the close recites, "This done and protested at Mobile, aforesaid"—Held sufficient as to the time of presentment.

ERROR to the Circuit Court of Tuscaloosa.

This was an action of assumpsit by the defendants in error as payees, against the plaintiff in error as drawer of a bill of exchange of the following tenor, for non acceptance:

"<i>Tuscaloosa, February</i> 12<i>th,</i> 1840.

$1,176.

Eight months after date, please pay to the order of Holbrook, Bowman & Co. at the Bank of Mobile, one thousand one hundred and seventy-six dollars, in funds current in the city of New York, for value received, and charge the same to

Your ob't servant,

WM. M. LACY.

To Messrs. LACY, TERRELL & Co. *Mobile.*"

The declaration is in the usual form, describing the bill as having been drawn for *one thousand one hundred and seventy-six dollars, in funds current in the City of New York.*

The defendant pleaded non assumpsit, and a special plea, "That at the time of drawing the said bill of exchange, and from that time to the time of bringing this suit, the said defendant had funds to the amount of this bill in the hands of the drawees of said bill, and that if the said bill had been presented to any one of the partners of the said firm of Lacy, Terrell & Co. who knew the state of accounts between them and this defendant, the said bill would have been accepted."

The plaintiff took issue on the first plea, and demurred to the second, which demurrer was sustained by the Court.

Pending the trial on the issue, as appears by a bill of exceptions, the plaintiff offered in evidence a protest, which recited that the bill was received by him on the 23d June, 1840, that he presented the bill to the agent of Lacy, Terrell & Co. and demanded acceptance, which was refused, and thereupon he protested the same, &c. "Notices of protest put in the post office this evening, directed to the drawer at Tuscaloosa, Ala. This done and protested at Mobile, in presence of, &c." To the introduction of this as evidence the defendant's counsel objected, but the Court overruled the objection and permitted it to go to the jury.

This being all the evidence, the defendant's counsel moved the Court to charge the jury that the bill of exchange and the protest were not sufficient to enable the plaintiff to recover, which charge the Court refused, and charged the jury that the evidence was sufficient; to which the defendant excepted.

The plaintiffs obtained judgment and the defendant prosecutes this writ and assigns for error—

1. The judgment of the Court on the demurrer to the plea.
2. The matters set out in the bill of exceptions.

Moody, for plaintiff in error, cited 2d Starkie on Ev. 257; 8 Porter, 259; 1 Porter, 263; 1 Ala. Rep. 327; 2 ib. 565; 4 Mass. Rep. 252; Bank of Decatur v. Pierce, 3 Ala. Rep. 321.

Peck & Clark, contra.

ORMOND, J.—The demurrer was properly sustained to the second plea. The interpretation put on it by the counsel for the plaintiff in error, that if the bill had been presented to any one of the partners, as they all knew the state of accounts between the parties, it would have been accepted, may have been the view of the pleader, but at least the plea admits of the construction that the bill would have been accepted if presented to *one* of the partners, who knew the state of the accounts. The established rule is to construe the plea most strongly against the pleader, and under the influence of this principle the demurrer was properly sustained.

It is however insisted that the declaration is bad. The objection is founded on the description of the bill—that the terms "current funds of the city of New York," do not mean money and therefore the bill is not negotiable. We do not think the objection can be sustained. The term "funds," it is true, has a variety of meanings, in common with many other words in our language, and if it can be understood in some of the senses in which it may be used, it will be fatal to this instrument as a bill of exchange. When any word is used having more than one meaning the sense in which it is employed is to be gathered from the context—and we think it impossible for any one to doubt as to the intention of the parties in this case. The term par funds, or New York funds, is as well understood as the term cash, and it would be a reproach to the law if its ministers could not understand that which is obvious to all the rest of the world. As therefore by the terms "funds current in the city of New York," the parties meant gold or silver, or some thing equivalent to it, and convertible at pleasure into the precious metals, they must abide by that construction here. If they intended that the instrument should be discharged by the certificates of stock constituting the *public funds*, or any thing else than the common circulating medium established by law, throughout the United States, they have been most unfortunate in the use of language.

The case of Jones v. Falls, [4 Mass. 252,] where it was held that an instrument payable in "foreign bills," was not a bill of exchange, does not affect the question here. The Court considered that the import of the words foreign bills was not cash, but something differing in value from it. In this case we understand New York current funds to be cash, or at least something precisely equivalent to gold or silver.

This bill was drawn on the 12th February, 1840, at eight months. There was not therefore any obligation to present it for acceptance at all, though it might be presented for that purpose as late as the day before it fell due. It appears from the protest that it was presented on the 23d June, 1840. It is objected that it does not appear that it was so presented, or on what day it was presented. The notary states that he received it on the 23d June, 1840; he afterwards proceeds to state that he presented it for acceptance, which was refused, and

thereupon he protested it, &c., and concludes, "This done and protested at Mobile aforesaid, in presence of, &c." We understand this to refer to the recital at the commencement of the protest, of the time of the reception of the bill, but if it were a protest for non-payment it would be necessary that the precise time of the presentment should be stated, as it must be made on a day certain, ascertained by the bill.

The remaining objections are all well taken; they are, that the presentment was to "an agent," without stating to whom, and without proof of the agency, and that it was not proved that notice of the protest was sent to the proper post office.

The first objection is fully sustained by the cases cited from 1 Porter's Rep. 263, and 1 Ala. Rep. 327; and the last by the case of the Decatur Bank v. Pierce, 3 Ala. Rep. 321; and Foard v. Johnson, 2 Ala. Rep. 565.

For these errors the judgment must be reversed and the cause remanded.