## TILLMAN vs. CHADWICK.

[TRESPASS BY OWNER AGAINST HIRER OF SLAVE.]

1. *Hirer's authority to punish slave, and liability for abuse of that authority.*— In the absence of qualifying stipulations in the contract of hiring, the hirer acquires the master's authority to inflict reasonable punishment on the slave; and in determining what is a reasonable punishment,—a question which admits of no certain and uniform solution,— regard must be had to the nature of the offense, and to the temper of the slave while receiving the punishment; since obstinacy, refractoriness, or rebelliousness on his part, justifies severer punishment than would otherwise be right and proper.

2. *Charge misleading jury.*—A charge to the jury, asserting that, if the punishment inflicted by the hirer on a slave " was beyond what was right and proper under the circumstances, then the *onus* was on him to prove that he was authorized by the slave's conduct to whip him thus severely, and beyond what would have been right and proper,"— is calculated to mislead and confuse the jury, and is properly refused.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by William L. Tillman, against Dickinson Chadwick, to recover damages for injuries in-

flicted on a slave. At the time of the commission of the alleged trespass, the slave was in the defendant's possession, under a contract of hiring. The only error assigned is, the refusal of the circuit court to give, at the instance of the plaintiff, the following charge:—"If the jury believe, from all the facts and circumstances of the case, as gathered from the testimony, that the punishment inflicted by the defendant on the slave was improper, and beyond what was right and proper under the circumstances, the *onus* was on him to prove that he was authorized by the slave's conduct to whip him thus severely, and beyond what would have been right and proper ;" to the refusal of which charge the plaintiff reserved an exception.

B. H. BAKER, and D. CLOPTON, for the appellant.
GOLDTHWAITE, RICE & SEMPLE, *contra.*

STONE, J.—It is a settled doctrine of the law, that the owner of a slave, and whoever rightfully stands in his place, is "of necessity invested with authority to inflict on such slave reasonable punishment for the breach of police regulations."—*Gillian v. Senter*, 9 Ala. 395. The hirer of a slave, when there are no qualifying stipulations in the contract of hiring, is, for the time being, armed with the power of the owner in this respect.—*Nelson v. Bondurant*, 26 Ala. 341 ; *Hall v. Goodson*, 32 Ala. 277.

What is reasonable punishment, and when it can be affirmed that correction has gone beyond this boundary, and become unreasonable and cruel, is a question which admits of no certain and uniform solution. Absolute obedience, and subordination to the lawful authority of the master, are the duty of the slave ; and the master or hirer may employ so much force as may be reasonably necessary to secure that obedience. The law cannot enter into a strict scrutiny of the precise force employed, with the view of ascertaining that the chastisement had or had not been unreasonable. Still there is a boundary, and the force must not be grossly disproportionate to the offense. Much

must depend on the nature of the transgression in the first instance, and on the temper of the slave while receiving the punishment. On the other hand, the master, hirer, or overseer, should ever bear in mind, that the main purpose of correction is to reduce an offending and refractory slave to a proper state of submission, respect and obedience to legitimate authority. This chastisement should be so attempered and applied as to secure the end aimed at, with as little risk of permanent injury or danger to the slave or his owner as is reasonably compatible with the surroundings.—See *Dave v. The State*, 22 Ala. 23 ; *Eskridge v. The State*, 25 Ala. 30 ; *Hogan v. Carr*, 6 Ala. 471.

Punishment for a past offense, which is inflicted with a view to reformation, should be graduated by the nature of the offense ; and somewhat by the fact, whether the offense has been of frequent or rare commission. We mean this remark for cases where the slave submits without obstinacy to the proper correction. Should the slave prove rebellious, or refractory, more severity would doubtless be necessary, to secure proper reformation and example. In this way, legitimate punishment may sometimes be carried much beyond what the offense in the first instance would seem to render necessary.

We suppose the idea last above suggested was probably had in view by the counsel who asked the charge in this case, the refusal to give which raises the only question which this record presents for our consideration. The substance of the charge asked was, that if the whipping was beyond what was right and proper, then the *onus* was on the defendant to show that the negro's conduct was such as to authorize his hirer to whip him beyond what was right and proper. Now, the negro's conduct might possibly be such as to justify much greater correction, than would under ordinary circumstances be right and proper ; yet, this would only show that much greater chastisement, under some circumstances, would be right and proper, than would be under less aggravating circumstances. Under no state of case could it justify correction beyond what was right and proper.

The charge asked was calculated to confuse and mislead the jury, and was rightly refused by the court.—Shep. Digest, 462, §§ 61, 62, 68.

Judgment of the circuit court affirmed.