FOSTER v. McDONALD.

1. When the holder of a bill of exchange and the party sought to be charged on it, reside in the same place, notice of the dishonor of the bill must be given him *personally*.
2. Where a bill is remitted to, or placed in the hands of a factor or agent, for presentment, for acceptance, or payment, the agent is not bound to give the party sought to be charged, notice of the dishonor of the bill, but may notify his principal of the fact, and a seasonable notice from him to such party, will be sufficient. But if the agent should give the necessary notice, it will be sufficient.

Error to Tuskaloosa County Court.

THIS was an action of assumpsit, by the defendant in error against the plantiff in error, as indorsee of a bill of exchange.

The bill was dated, Tuskaloosa, 26th December, 1836, and drawn by Moses P. Walker, in favor of J. J. Foster, for twelve hundred and fifty dollars, on the 1st January, 1839, negotiable and payable at the Bank of the State of Alabama.

The bill though not drawn on, was accepted by G. Longmire, and endorsed by the defendant, Robert J. Walker, and Dubose & Roff, which last indorsement was filled up to the order of E. F. Comegys, Esq. cashier.

At the maturity of the bill, it was presented by a notary public at the bank for payment, who, for default of payment, made protest and certifies, that "notices of protest were deposited in in the post-office same day, for the drawer and first two indorsers, respectively, at this place." The defendant then proved, that before, and at the maturity of the bill, he resided at Tuskaloosa, the place of payment, and moved the court to charge the jury, that upon the evidence offered, the plaintiff is not entitled to a verdict, which the court refused; and further, that unless the jury were satisfied, from the evidence, that personal notice was given to the defendant, of the protest for non-payment of the bill, they must find for the defendant; which was refused; and the court charged the jury, that personal service of notice of the dishonor of the bill was not necessary to charge the defendant, except where the parties all resided in the same

city, and that the notice stated by the notary to have been given, was sufficient.

To the refusal to charge and to the charge given, the defendant excepted, and now assigns for error.

MARTIN & J. PORTER, for plaintiff in error.
PHELAN, contra.

ORMOND, J.—It is the settled law, that when the holder of a bill and the party sought to be charged on it as drawer or endorser, reside in the same place, notice must be given personally, of the dishonor of the bill. Stephenson v. Primrose, 8th Porter 155, and cases there cited. In this case, personal notice was not given to the indorser, of the dishonor of the bill, but he is sought to be charged on a notice, placed in the post-office at Tuskaloosa, in which place he resided.

To ascertain then whether this notice was sufficient, we must inquire whether the holder resided in the same place; if he did, on the authority of the case just cited, the notice would not be sufficient.

The declaration alleges that the bill was endorsed to the plaintiff. The bill itself is set out in the bill of exceptions, taken on the trial, with its indorsements, but neither upon that, nor upon the bill, as recited in the protest, is the name of the plaintiff found, the last endorsement being filled up to the order of E. F. Comegys, cashier, by whose order, and as holder for the Bank of the State of Alabama, it is stated in the protest to have been protested for non-payment. The legal inferrence from this testimony is, that the bank was the holder of the bill at the time of the protest, and being, as we judicially know, located at the same place with the residence of the plaintiff in error, he was entitled, upon the dishonor of the bill, to a personal notice. The notice, therefore, which was given to him, by putting a letter in the post-office, directed to him, was not sufficient.

It must be presumed that the plaintiff became the holder of the bill, since its dishonor; but it would have been competent for him to prove that he was the holder of the bill before its maturity, and that the bank was merely his factor or agent. If such were the fact, and the holder did not reside in Tuska-

loosa, the notice of the non-payment of the bill might have been given through the post-office, to the holder, and a notice by him to the endorser, of the dishonor of the bill, by the next mail after his receipt of notice, would have been sufficient to charge him. It is true, a notice by the agent or notary, would have been sufficient to charge the plaintiff in error, if made in the mode which the law, requires, but an agent or factor as such, is not required to do more, than to inform his principal of the dishonor of the bill.

Thus, in Colt v. Noble, 5 Mass. Rep. 167; where the holder of a bill drawn on London, lived in Madras, in the East Indies, and the indorser at Portsmouth, in the United States, it was held, that the agents of the holder in London, upon the dishonor of the bill, were not bound to give notice of the protest to the indorser, but might return the bill, with the protest, to the holder whose duty it would be to give seasonable notice to the indorser: See also to the same effect, State Bank v. Ayres, 2 Halstead, 130; Haynes v. Birks, 3 Bos. & Pul. 599; and Tunno v. League, 2 Johns. Cases, 1.

If however, it should hereafter appear, that from the residence of the holder at a distance from this place, notice of the dishonor of the bill could not have reached the plaintiff in error, as soon as the informal notice actually given by the notary, through the post-office, it might be a question whether the notice actually given, was not sufficient; but as that point is not presented on the record, we express no opinion upon it.

Let the judgment be reversed and the cause remanded.