# FOSTER v. McDONALD.

1. Where the holder of a bill of exchange resided in Mobile, and the endorser in Tuskaloosa, the deposite in the post office of the latter place, by an agent, of notice of the dishonor of the bill, will not be sufficient to charge the endorser, unless it actually comes to his hands.

2. Upon proof of these facts, a jury might infer that the endorser received the no.

tice if no countervailing fact is shown to destroy the presumption, and upon a demurrer to the evidence, the court will so decide.

3. Upon a demurrer to evidence, no objection can be taken to its competency.

ERROR to the County Court of Tuskaloosa.

Assumpsit in the court below by the defendant in error, as holder, against the plaintiff in error as endorser of a bill of exchange.

On the trial, the plaintiff read in evidence the bill sued on, which was drawn by one Moses P. Walker, in favor of the defendant, for twelve hundred and fifty dollars, negotiable and payable at the Bank of the State of Alabama. The bill was endorsed by the defendant, also Robert B. Walker, Dubose & Roff, and by Andrew Armstrong, cashier, the last endorsement being filled up to E. F. Comegys, cashier.

The plaintiff also read the protest of a notary at Tuskaloosa, showing that the bill was protested at maturity for non-payment. On the protest is the following certificate : "Notices of protest deposited in the post office same day, for the drawer and first two endorsers respectively at this place, and last two endorsers respectively, under cover addressed to Andrew Armstrong, Esq., cashier, Mobile." The plaintiff also proved that the bill was his property; that Dubose & Roff endorsed it as his agents, for the purpose of collection. That Armstrong had no interest whatever in the bill, but received and transmitted it to the cashier of the State Bank for collection; that E. F. Comegys, cashier of the Bank of the State at Tuskaloosa, received it from the branch at Mobile for collection, and on its dishonor returned it to Armstrong, by whom it was handed to Dubose & Roff, from whom he had received it—that McDonald was a resident of the city of Mobile, and Foster of Tuskaloosa.

To this evidence the defendant demurred, and the court rendered judgment on the demurrer for the plaintiff, from which this writ of error is prosecuted.

PECK & CLARK, for the plaintiff in error, argued that there were but three modes of giving notice to charge an endorser— actual personal notice; a notice left at the house, or place of business; and notice sent by the mail. That in this case, as the parties did not reside in the same town, the mail could only be re-

sorted to, to give notice by the holder on receiving information from his agent of the dishonor of the bill. They admitted that the agent might give notice, but as he could not give it directly to the defendant through the post office, the protest being made in the same place where the defendant resided, it was necessary to show that the notice came to the defendant's hands.

They also insisted that when an agent protested a bill in the same place where the defendant resided, he was required to give personal notice; and further maintained that the certificate of the notary, that he had placed a notice in the post office, was not legal evidence of that fact, as this was not such a case as the statute contemplated his certificate should be evidence of. They cited 3 Kent's Com. 74; 11 Johns. Rep. 258.

COCHRAN and PHELAN, *contra*, maintained that as the holder and endorser resided in different places, there was no necessity cast on the agent of the former, to give notice to the latter, but that he might do so, if he thought proper, as was decided when this case was, before the court. [3 Ala. Rep. 34.] That the only question was whether the defendants had received notice, and that under the evidence in the cause, the courts were authorized to infer that such was the fact, this being a demurrer to evidence. They cited 4 Ala. Rep. 148.

ORMOND, J.—This case was before this court at a previous term. [3 Ala. Rep. 34.] It then appeared from the record that the holder of the bill, and the person sought to be charged as endorser, both resided in this place, and we then held that a notice of the dishonor of the bill directed to the endorser, and placed in the post office in this town, was not evidence of the fact of notice. That the agent might have given notice to the endorser, and it would have been sufficient to charge him, but as the holder resided in a different place, it would have been sufficient if the agent had notified him of the dishonor of the bill, and that a notice of that fact from the holder to the endorser, placed in the post office, directed to the endorser at his place of residence, would have been sufficient.

The only difference between the case as now presented, and then, is, that it appears now that the holder is a resident of the city of Mobile, and that by the demurrer to the evidence, the court

is substituted for the jury, to ascertain the facts. The fact which the court below had to decide, and which is now devolved on this court, is whether the notice put in the post office at this place, came to the defendant's hands within a reasonable time, for it is admitted that if it did, although irregularly given, it will be sufficient.

It appears that the defendant resided in Tuskaloosa, at the time the notice was put in the office, directed to him, and we think the jury would have been authorized to infer that it came to his hands. Mr. Starkie, 1 vol. 14, in his admirable chapter of what evidence consists, remarks: " by facts and circumstances are meant all things and relations, whether natural or artificial, which really exist, whether their existence be perceptible to the senses or not." As mankind in the ordinary business or transactions of life have to form their judgments on probabilities, from their knowledge of the established order of things, so jurors are frequently compelled to decide upon those presumptions which are drawn from the established course and order of human affairs and dealings, and upon their knowledge of the habits and customs of mankind—and these presumptions are not the less facts, because not perceptible to the senses. Now we know that it is the established custom and habit of persons resident in a place, and especially the mercantile class, to resort frequently, if not daily, to the post office, for information from their private and individual correspondents, as well as for that which is derived from the public press. There is nothing to relieve the case from the natural presumption, that the defendant, like other persons, resorted to the post office, and like others, received the communications there deposited for him. It is not shown that he was absent from the place, or that by accident, or from any other cause, the letter was not delivered to him. We do not doubt, therefore, that the jury would have decided that the notice did come to the hands of the defendant.

We have previously remarked on the prevailing custom of demurring to the evidence, that if gentlemen will withdraw the determination of facts from the jury, and especially in those cases, where the facts, as in this, are not explicitly proved, but rest in presumption, "they must expect that the court will incline against them, in all cases where the tendency of the proof is doubtful." [McGehee v. Greer, 7 Porter 537.] By demurring to the evidence the defendant admitted every fact, and every conclusion

which the evidence conduced to prove, and we think the jury might legitimately have drawn the conclusion here stated. The case of Carson v. The State Bank at the last June Term, [4 Ala. 148,] is in many respects analogous to this.

It is further objected that there is no proof on the record that the notary put a letter containing the notice, in the post office, because his certificate to that effect on the protest is not proof of the fact. The authority of the notary to certify the fact of notice, is derived from a statute of this State, [Aik. Dig. 327, § 9,] which it is argued does not extend to such a case as the present.

We decline the examination of this question, because by demurring to the evidence, the defendant admitted its competency, and referred to the court the question of its legal sufficiency to establish the fact it was offered to prove. If, as now contended, it was not competent evidence, there was then no evidence of notice to which the demurrer could apply, and yet it is clear that by the demurrer, the defendant demanded the judgment of the court upon the evidence.

The impossibility of permitting the defendant now to object to the competency of the evidence will be apparent when we consider that if the objection had been taken in the court below, other proof of the fact might have been offered. The objection can no more be taken in this proceeding, than it could have been after the verdict of a jury, and indeed by the demurrer the court is substituted for the jury.

Let the judgment of the court below be affirmed.

CLAY, J.—Not sitting.