## ATTKISSON *vs.* ATTKISSON.

1. After a decree *pro confesso*, the party in contempt is not entitled to notice of the filing of interrogatories, nor is it necessary that they should remain on file ten days prior to the issuance of a commission.

Error to the Chancery Court of Morgan. Tried before the Hon. David G. Ligon.

E. J. JONES and W. H. WALKER, for plaintiff.

No counsel for defendant.

CHILTON, J.—This was a bill for divorce, filed by the plaintiff in error against the defendant, upon the ground of abandonment. A decree *pro confesso* was duly entered against the defendant for failing to answer the bill, she having been personally served with process of subpœna, and the complainant, having examined upon interrogatories two witnesses who fully proved the material allegations of the bill, submitted the cause upon bill, decree *pro confesso*, and proof, for final decree. The chancellor determined that the depositions were irregularly taken, rejected them, and dismissed the bill at the complainant's cost.

The ground of objection taken by the chancellor in his decree to the proof is, that it does not appear that the interrogatories propounded to the witnesses remained on file in the office of the register for the space of ten days, holding the correct practice to be, that although no notice is required to be given to the defendant of the filing of the interrogatories, yet in cases requiring proof notwithstanding a decree *pro confesso*, such interrogatories must be filed ten days before the issuance of the commission.

We have examined with some care, and have been unable to find any statute or rule indicating the practice to be as above stated. The 43d rule of chancery practice requires that "commissions to take testimony shall be issued by the register, directed to one or more persons to execute, and shall be issued at any time *after ten days service of the interrogatories in chief*, on the adverse party or his solicitor, who shall file cross-interrogatories within the ten days." This rule was designed, in our

opinion, to apply to cases where the defendant was not in default by his failure to appear and respond to the bill. The chancellor concedes, and very correctly, that the defendant is not entitled to notice of the filing of the interrogatories. In Mussina v. Bartlett, 8 Port. 277, it was held that a defendant who failed to regard the mandate of a subpœna was understood to have set at defiance the authority of the law, and to place himself in contempt of the process of the court, and is subject to attachment; and being in contempt, he could not be heard before the court except to purge it. He is not allowed to make any formal objections to the proceedings, or to allege any new matter.—Smith v. Robeson, 11 Ala. Rep. 840. Since then in such cases no notice is required to be given to a party who contemptuously disregards the mandate of the court, we can see no reason which requires that the interrogatories should remain on file ten days before the issuance of the commission. The statute requires that all testimony, in chancery, shall be taken on interrogatories and cross-interrogatories, which shall be filed with the register and issue from his office with the commission. In the case before us this requisition has been complied with; and without determining whether, if the rule required it, we would not presume the register did his duty and issued the commission after the expiration of ten days from the filing of the interrogatories, we are clearly of the opinion that in cases where decrees *pro confesso* have been taken, and the party is allowed to proceed *ex parte*, no notice is required of the filing of the interrogatories, and that it is not required that such interrogatories should remain on file ten days. This conclusion would seem to result from the case of Mussina v. Bartlett, *supra*, and from Butler v. Butler, 11 Ala. Rep. 671, in which it is said, in respect of a non-resident defendant against whom a decree *pro confesso* was taken, "Being in contempt, he was not entitled to notice, or to appear before the master without a special order from the chancellor," &c.

Looking into the testimony, it fully establishes the marriage of the parties; that they have resided in this State for many years before the filing of this bill; that the defendant voluntarily abandoned the complainant some eleven years since, and has continued to persist in her refusal to live with him, but having submitted to the ceremony of marriage with another, actually lived

with him in adultery six or seven years, and until his death. It is hardly necessary to say that the proof fully warrants the relief prayed for. The decree of the chancellor must consequently be reversed, and this court proceeding to render such decree as the chancellor should have rendered, doth order, adjudge and decree that the bonds of matrimony heretofore subsisting between the said complainant Allmond Attkisson, and the said defendant Mary F. Attkisson, be dissolved, and that the said complainant be henceforth divorced from the said Mary his wife; this decree to become effectual when sanctioned by two-thirds of both Houses of the General Assembly, as provided by the constitution.

Let the plaintiff in error pay the costs of this court and of the Chancery Court.