## GREENE *vs.* FARLEY.

The notary who protests a bill of exchange, is authorized to give notice of its non-payment; and such notice may be given by mail, although the actual holder, and the party to be charged, reside in the same place.

ERROR to the Circuit Court of Montgomery.
Tried before the Hon. Geo. Goldthwaite.

WILLIAMS & COCKE, for plaintiff in error.

Where the holder of a bill and endorser both reside in the same place, the notice to charge the endorser must *be personal,* or notice must be left at his residence or place of doing business. Stephenson v. Primrose, 8 Porter, 152; Foster v. McDonald, 3 Ala. 34; Pierce *et al.* v. Pinder, 5 Metcalf, 352; Phipps v. Chase, 6 ib. 491; 4 Hill, N. Y. 129; 5 ib. 237; 3 Harrington, 419; 1 Conn. 329; 15 Maine, 141; 8 Watts & Serg. 138; 6 Blackford, 312; 7 ib. 133; and a custom of the notaries of a particular city to give notice through the post-office, cannot make that practice lawful. Wilcox & Fearne v. McNutt, 2 How'd M. R. 776.

The case of Gindrat *et al.* v. Mech. Bk. of Augusta, 7 Ala. 331, does not contradict this principle, but is an authority for plaintiff.

The court there say, notice through the post-office was sufficient, without regarding any special custom of the Bank of Montgomery, and the reason assigned is, because that the *agent* holding a bill for collection is not bound to give personal notice to the parties; but such agent should immediately notify his principal, and then the principal is entitled to send

the notice by the mail, &c.  The court there held, that as the Bank of Montgomery was the agent of the Bank of Augusta, the plaintiff, and had done that which it was the privilege or right of its principal to do, namely, to give notice through the post-office, such notice was sufficient.

So we insist here, if Farley, the plaintiff and owner of the bill, had the privilege of giving notice through the mail, the notice here would be good: but this is the principle we deny; we deny that Farley had that privilege, and if he had not, his agent had not.

The only possible difficulty is, that the bill in this case is drawn on Thomas McGraw, Mobile, but the bill is not payable at Mobile or any place else; nor does it appear where McGraw resided at the date of the protest.  What difference can it make where the bill is payable?  This cannot be of consequence.  The bill in the case of Gindrat, above referred to, was made payable at the Bank of Montgomery, where the endorsers resided.  There the right to notice through the mail was made not to turn on where the bill was payable, but where one of the parties, to wit, plaintiffs, resided.

JEFFERSON NOBLE, for defendant.

1. It is conceded to be the general rule of the law merchant, that when the holder of a bill resides in the same place with the party to be charged, and that is also the place of dishonor, personal notice is necessary, because it is the earliest, most direct and certain method of communicating knowledge of the fact.  But the rule is not applicable to the present case, because the drawer resided in Mobile, where the bill was made payable and where it was dishonored.  In all the cases cited by the plaintiff in error, the bill was dishonored in the same place where the parties to be charged resided.  8 Porter, 155; 3 Ala. 34; 7 ib. 331.

2. In the present case, the notice was legally sufficient, and was given in the usual manner.  The notary was authorized to give the notice by mail, as he did, or to transmit the bill to the actual holder and let him give the notice.  Either mode was correct.  3 Ala. 34; 7 ib. 332.

GOLDTHWAITE, J.—The bill of exchange sued on was

directed to the drawee at Mobile, Ala., and there protested for non-payment. Notice was given by the notary public, who protested the bill, by mail, to the plaintiff in error, who was the endorser, and who, with the holder, resided in Montgomery. The only question is as to the sufficiency of this notice. In the cases of Stephenson v. Primrose, 8 Port. 155, and Foster v. McDonald, 3 Ala. 34, the party giving, and the party sought to be charged by the notice, both resided in the same place, and in the absence of any special custom, notice through the post-office under these circumstances was held insufficient. In the case of Gindrat v. The Mechanics' Bank of Augusta, 7 Ala. 332, Mr. Justice Goldthwaite, in delivering the opinion of the court, says: " We apprehend it is entirely competent for the holder of a bill payable in Montgomery, and himself residing elsewhere, to direct an agent to whom it is transmitted for collection, to give notice of the dishonor to any of the parties by mail, and that it is immaterial where they reside, so the notice has the proper direction." And it was held by this court, in Crawford v. The Branch Bank of Mobile, 7 Ala. 205, that the notary public who protests a foreign bill of exchange, is authorized to give notice to all persons who are responsible to the holders. If a foreign notary is regarded as the holder of the bill, so far as giving notice of its non-payment, no reason can be perceived why a notary in this State might not perform the same act. Without adding other authorities to sustain these positions, it is clear, that under the influence of the decisions referred to, the charge requested was properly refused. The judgment is affirmed.