## RAY vs. PORTER.

[ACTION ON BILL OF EXCHANGE BY ENDORSEE AGAINST ENDORSER.]

1. *Custom; proof of, in giving notice of protest of bill of exchange.—Held,* upon the authority of the case of *Gindrat et al. v. The Mechanic's Bank of Augusta,* 7 Ala. 324, that it is permissible to prove a custom, or usage at a particular place, where the parties to a bill of exchange reside, as to the mode of giving notice of the protest of the non-payment of the bill.

APPEAL from the City Court of Montgomery. Tried before the HON. T. M. ARRINGTON.

THE appellant Ray commenced his suit against the appellee, on the 29th March, 1866. The cause of action was a bill of exchange, endorsed by the defendant. On the trial, as the bill of exceptions states, "the plaintiff offered to prove that it had been the custom of all the banks of the city of Montgomery, and the custom of the bank of Montgomery, a corporation located in, and transacting business in the city of Montgomery for many years before the making, and at the maturity of this bill of exchange, to give notice of demand of payment, of the non-payment, and of the protest thereof of mercantile paper, deposited with and held by said banks for collection, and in their own rights, in case of default of payment by the parties thereto, by sending notices of the demands of payment, of the non-payment, and of the protest made on, and of such paper, by the notary public of the banks, on paper protested for non-payment, through the postoffice, of the city of Montgomery, where the parties to whom notices were to be given, resided in the city of Montgomery, it appearing that plaintiff, and the defendant resided in the city of Montgomery." To the making of which proof, the defendant objected, and the court sustained the objection, and would not allow the proof to go to the jury, to which ruling of the court the plaintiff excepted, and took a non-suit. He appealed to this court to have the same set aside.

MARTIN & SAYRE, for appellant.

WATS & TROY, *contra*.

BYRD, J.—1. The case of *Gindrat et al. v. The Mechanic's Bank of Augusta*, 7 Ala. 324, has for so long a time settled, without being questioned, the rule of commercial law applicable to this case, that we do not feel authorized in reviewing the authorities upon and disturbing it.  We recognize that case as establishing the doctrine that it is permissible to prove a custom or usage at a particular place where the parties to a bill reside, as to the mode of giving notice of the protest of the non-payment of the bill.  The only distinction in principle we can draw between that case and the cases of *Barlow v. Lambert*, 28 Ala. 704, and of *Boone & Co. v. Steamer Belfast*, in maunscript, decided at the January term, 1867, is, that it is allowable to prove a custom as to the *mode* of doing a particular act, such as making a delivery of goods by a common carrier at a particular place, when the contract is silent as to the mode of delivery, or of giving notice where it is necessary to fix a liability or discharge it ; but, it is not allowable to prove a custom which dispenses with a positive rule of law which requires a delivery or notice, to fix the liability of parties, or to discharge them.  I do not say that this distinction is one of universal application.  It may be only tolerated in those branches of the law which are founded on usages and customs, and which are ever changing to suit the constantly varying necessities and circumstances of trade and commerce.  Besides, when the Code adopted the commercial law as applicable to certain contracts and their incidents, we must presume that the legislature intended that the rules and principles of that law, as settled by this court, were to be taken as the exposition thereof.

Hence, we arrive at the conclusion that the evidence excluded by the court below was admissible.  The sufficiency of the evidence to establish a custom which the law recognizes as valid, is not raised on the record.

The evidence excluded was admissible, and the judgment of non-suit must be set aside, and the cause remanded for further proceedings.