## BIBB vs. McQUEEN.

[BILL OF EXCHANGE—PROTEST.]

1. *Bill of exchange; manner of giving notice of protest.*—Where the drawer of a bill of exchange at the time of its maturity resides in the city of Montgomery, Alabama, and the holder (payee) in the State of Florida, notice of the dishonor of the bill, sent by post to the drawer, is sufficient, and it is unnecessary to establish any usage or custom of a bank to sustain the sufficiency of a notice so sent.

APPEAL from the Circuit Court of Montgomery. Heard before the Hon. GEORGE GOLDTHWAITE.

THIS action was brought by the appellee against the appellant; was commenced on the 11th day of May, 1866, and was founded on a bill of exchange drawn by the appellant, payable to the order of appellee, at the Central Bank of Alabama. It was endorsed on the back, "John W. McQueen, per J. Whiting." There was a verdict and judgment for the plaintiff. The drawer of the bill, Bibb, resided in the city of Montgomery, Alabama, before and at the time of its maturity, and the holder and owner, McQueen, at the maturity of the bill, resided in Florida, but the bill was left with John Whiting, of the city of Montgomery, who held it for the plaintiff at the time of its maturity. Notice of protest for non-payment was sent by a notary public, through the post-office at Montgomery, to both the appellant and the appellee, directed to their respective places of residence. The plaintiff, against the objection of the defendant, introduced evidence to prove a custom or usage of the bank, at which the bill was payable, in giving notice of protest, to persons residing in the city, through the post-office. The defendant asked the court to give to the jury the following charges, which were severally refused, and exceptions reserved : "1st. That if they believe all the evidence, the plaintiff was not entitled to recover : 2d. That on the evidence before the jury, the plaintiff was not entitled to recover."

The introduction of evidence to prove the custom above referred to, and the refusal to give the charges asked, are assigned as error.

WATTS & TROY, for appellant.
STONE, CLOPTON & CLANTON, contra.

BYRD, J.—1. At the maturity of the bill, the appellee being a resident of the State of Florida, notice of the dishonor of the bill was properly sent by post to the drawer, according to the law merchant. No usage or custom of the bank was necessary to be established to authorize the mode in which the notice was sent.—*Gindrat v. The Merchant's Bank of Augusta*, 7 Ala. 324.

The evidence which was admitted against the objection of the appellant, was merely redundant, and could not have affected the rights of either party. Its admission was, therefore, at most, erroneous without being injurious. *Bishop v. Blair*, 36 Ala. 80.

2. The appellant asked two charges which were refused. The court committed no error in its refusal to give them.

It results that the judgment of the court must be affirmed.