## TYSON *vs.* OLIVER ET AL.

[ACTION ON BILL OF EXCHANGE BY INDORSEE AGAINST DRAWERS.]

1. *Bill of exchange; notice of non-payment of, where may be sent.*—Notice of the non-payment of a bill of exchange may be sent to the residence, or nearest post-office, of the party to be charged, at the time of his signing the bill, unless he, at that time, specifies another place, to which he requires it to be sent.

2. *Same; what inquiry holder must make.*—The holder of a bill, sending notice of its non-payment by mail, must make diligent inquiry to ascertain whether there is a post-office at the place to which he directs it.

3. *Residence of party to be charged; what not sufficient evidence of.*—The name of the place where the bill was signed, appearing on it, is not alone sufficient evidence of the residence, or post-office, of the party to be charged.

4. *Holder of bill; when residence of, will be presumed to be at the place of dishonor of bill.*—When it is not shown where the holder resided at the time of giving notice, it will be presumed to be at the place where the bill was dishonored and protested.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

The facts of the case are sufficiently set out in the opinion.

E. S. DARGAN, for appellant.—The defendants both joined the Confederate army in the spring of 1861, before the bill matured. At its maturity, one was stationed at Pensacola, the other at Fort Morgan. The plaintiff could not approach either place, without permission from the military authorities, to give personal notice. He was not bound to apply for such authority. There was no mail to either place.

This condition produces the same legal effect as if the defendant had absconded, and his residence was unknown; and in such case, it is clear that no notice is necessary.—See Story on Bills, § 308; 2 Watts & Sargeant, 401, and cases there cited.

The reason why absconding dispenses with notice is, that the holder can not, by reasonable diligence, give the notice. Now, if one engages in an illegal or rebellious war, and places himself in a condition that the holder can not approach him, or write to him, but by the permission of those who conduct the war, this must in all reason produce the same result.

As to Starke Oliver, he had no place of business in Mobile, for he was engaged in no business there; his place of business was Fort Morgan; there we could not go. Notice in the post-office at Mobile, was sufficient as to him.

The bill was drawn for the joint benefit of both the Olivers; if one was bound, so was the other.

Samuel Oliver's place of receiving his letters was Portland, where, for many years, there was a regular lawful post-office. It is true, the general government had ceased to perform mail service in the southern States in June, 1861; but the Confederate government had assumed to perform this duty, and at the time the bill fell due, was in fact performing it at all the post-offices in Alabama, with but a few exceptions, as is shown by the record. Even the postmaster at Mobile, where the bill fell due, did not know whether the mail was carried to Portland at the time the bill fell due. Under these circumstances, the plaintiff used reasonable diligence in mailing the notice at Mobile, directed to Portland.

The holder is not bound, at all events, to give notice;

Tyson v. Oliver et al.

reasonable diligence to do so, is all the law requires.—See Story, § 297, and notes.

If a party voluntarily leaves his home, and goes to a place where there is no mail, and the holder has not the full right to go to the place where the party is, no notice in person should be required. This rule fixes the liability of Starke Oliver beyond doubt; for he had left Mobile, the place of his residence and business, and gone to Fort Morgan, where we had no right to go, unless by permission. Notice to him through the post-office at Mobile was all the law could require.

The same rule applies to Samuel Oliver. He left his home and went where we could not go. Nor was it incumbent on us to inquire if any one could communicate with him; he put himself where we could not. Hence, notice to him through the post-office, directed to the place where he received his letters, was sufficient.

J. LITTLE SMITH, *contra.* (No brief on file.)

B. F. SAFFOLD, J.—The appellant was the holder of a bill of exchange, drawn and endorsed by the appellees, payable at the Bank of Mobile on the 1st of December, 1861. The bill was protested for non-payment on the 4th of December, 1861. Notices separately to the appellees, directed to Portland, Dallas county, Alabama, and a notice to one of them, Starke H. Oliver, directed to Mobile, Alabama, were placed in the post-office at Mobile, Ala.

The bill of exceptions presents the single inquiry, whether the notice given was sufficient. At the time of signing this bill, Samuel W. Oliver resided in Dallas county, and Portland was his post-office; and the residence and post-office of Starke H. Oliver were in the city of Mobile. Notice of the non-payment of a bill of exchange, directed to the place where the person sought to be charged resided at the time of drawing, making or endorsing such bill, note, or negotiable instrument, or to the post-office nearest his residence at that time, is sufficient, unless, at the time of affixing his signature, he specifies the post-office to which he requires notice to be sent.—Revised Code, § 1850. At the

time of sending the notices to Portland, the post-office there had been discontinued for several months. On the 30th of June, 1861, the postal service of the United States was suspended, under circumstances which should justly charge every citizen of the State with knowledge of the fact.

The section of the Code referred to materially modifies the general mercantile law respecting notice, but in relieving the holder of commercial paper from the necessity of ascertaining the latest residence or post-office of a party he seeks to charge, it certainly can not mean to dispense with all inquiry, and in some instances, as in this, with all notice. As a simple inquiry at the post-office where the notice is deposited, is sufficient to give information of the existence or non-existence of one at the place to which it is directed, and of a mail service to that place; in the case of inland bills at least, it is incumbent on a party to inform himself of these facts, and to send his notices under circumstances reasonably calculated to reach the party to be charged.

It appears, however, that there was a post-office nearer to the residence of Samuel W. Oliver than Portland—that at Richmond. The provision of the Code was not complied with in this respect. The fact that the bill was dated at Portland, was not sufficient evidence of the drawer's residence or post-office, to relieve the holder from the necessity of making diligent inquiry about the matter.—*Foard v. Johnson*, 2 Ala. 565; *Br. Bank at Decatur v. Pierce*, 3 Ala. 321. The absence of Samuel W. Oliver from his home was temporary, and the circumstances attending it, as shown by the evidence, were not such as to deprive him of the right to notice. The notice intended for him was not sent to the post-office nearest to his residence, either at the time of issuing the notice, or at the time of his signing the bill, but was directed to a place where there was no post-office, and to which there was no mail service. It was, therefore, insufficient.

The solution of the case respecting Starke H. Oliver depends on the residence of the appellant at the time of giving the notice. The evidence is silent on this subject, except a single statement by one of the appellees, that he

found him living in Lowndes county five years after the protest of the bill. The presumption, that he was living there at the time of the protest, is too remote. If he lived out of Mobile, the notice to Starke H. Oliver was sufficient, that being the place of his residence at the time of his signing the bill, and also the place where the bill was payable, and was dishonored and protested.—Revised Code, 1850; *Greene v. Farley*, 20 Ala. 322; *Gindrat et al. v. Mechanics' Bank of Augusta*, 7 Ala. 324. If he lived in Mobile, personal notice was necessary.—*Rives v. Parmley*, 17 Ala. 256; *Foster v. McDonald*, 3 Ala. 34; *Bowling v. Harrison*, 6 Peters, 248. As the burden of proof was on the appellant, and the fact to be proven was so peculiarly within his own knowledge, we must presume that he lived in Mobile. The notice to Starke H. Oliver was, therefore, insufficient.

The judgment of the circuit court, being in accordance with the opinion herein expressed, is affirmed.