# John *v.* City National Bank of Selma.

*Action on Bill of Exchange.*

1. *Revised Code, section* 1850 *construed.*—Section 1850 Revised Code, authorizing the transmission of notice by mail to the residence or post-office nearest the residence of drawer, maker, or indorser, at the time he becomes a party to the bill, does not change the rule of the law merchant, that when the holder and indorser of the bill reside in the same city, it is necessary to bind the indorser, that he must have notice of the default, on the day of dishonor, or on the succeeding day, given him in person or left at his residence, or at his place of business.

2. *Same.*—This statute merely converts notice (in cases where it is transmissible by mail) addressed to the residence, or post-office nearest the residence of the party to be charged *at the time he became a party*, into sufficient notice, without regard to his post-office *at the time of dishonor*.

3. *Notice of dishonor; on whom burden of showing rests.*—The burden is on the holder to show due notice of dishonor, or excuse for not giving it. Where absence from the indorser's place of business, when it was visited for the purpose of giving notice, is relied on as an excuse for not giving notice, it must be shown that the visit was made during *business* hours, at a time when it is reasonable to suppose the party may be found.

4. *Same; what not sufficient to show.*—Where the evidence shows that the notary visited the office of the indorser "in the afternoon of the day of dishonor *and before sundown*" (the business hours of the place not being

[John v. City National Bank of Selma.]

shown) to give notice, this is not such evidence of a visit during *business hours* as will bind the indorser.

5.  *Same; when failure to give releases indorser.*—If notice is not given on the day of dishonor, or the succeeding day, and the facts do not then exist which will excuse it, no subsequent act of the holder can bind the indorser.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEORGE H. CRAIG.

This was action brought by the appellee, the City National Bank of Selma, against the appellant, John, to recover of him the amount of a bill of exchange on which he was accommodation indorser. Payment was resisted on the ground that no notice of the dishonor of the bill had been given the appellant. The evidence in regard to protest and notice was as follows: The notary, on the day of the maturity of the bill, presented it to the bank where it was payable, and payment being refused, he protested the bill, and before sundown on that day, he went to the office of appellant, who also resided in Selma, for the purpose of leaving a notice of the protest with him. Appellant being absent, the notary on the same *ρ* ¹ᵉdeposited in the post-office at Selma, the place of resiᴅ ᴀᴜᴅ of appellant, a notice of the protest. The evidence showed that the notary knew where the appellant's residence in the city of Selma was situated, but failed to leave a copy of the notice either at his office or residence. Under these facts, the court charged the jury that the notice of protest was sufficient, and fixed on the appellant a liability to pay the bill. This charge was excepted to, and is now assigned as error.

W. C. WARD, for appellant.—Notice of the protest must be personal to fix the liability of an indorser, unless the bill is payable at a bank whose custom of giving notice is different. The evidence shows that John resided in Selma, the place where the bank was situated; that his place of business was also there; and that all these facts were known to the notary, who failed to leave notice of the protest either at his residence or office. Section 1850 of the Revised Code does not apply to such a case.

MORGAN, LAPSLEY & NELSON, *contra.*—Section 1850 of the Revised Code has changed the law on the subject of notice. The notice shown to have been given by depositing the same in the post-office, directed to post-office nearest the residence of the party sought to be charged, is sufficient

[John v. City National Bank of Selma.]

under this statute. This section makes no distinction between a case where the holder and the person sought to be charged reside in the same or different places.

BRICKELL, C. J.—The holder and the indorser of the bill resided in the city of Selma, where the bill was payable. The rule of the law merchant, as it has been invariably recognized in this State, is, that to fix the liability of the indorser, the notice of the dishonor must be personal—that is, given to him in person, or left at his place of business, or at his residence. Notice deposited in the post-office is insufficient, unless the bill is payable at a bank, which by usage has adopted that mode of giving notice—*Stephenson v. Primrose*, 8 Port. 155; *Foster v. McDonald*, 3 Ala. 34, (s. c. 5 Ala. 376); *Gindrat v. Mechanics' Bank*, 7 Ala. 324; *Rives v. Parmley*, 18 Ala. 256.

The statute (R. C. § 1850), which authorizes the transmission of notices by mail to the residence, or the post-office nearest the residence of the drawer, maker, or indorser, at the time he becomes a party to the bill, without reference to his place of residence at the time of dishonor, unless he designates the place to which notice shall be addressed, has not changed or modified the rule. The statute applies only to notices which under the law merchant may be transmitted by mail from one post-office to another. Before the statute, when notice of protest or of non-payment was transmissible by mail, the holder was bound to show the notice was sent to the post-office which at the time of dishonor was nearest the residence of the party to be charged, or was then the office at which he was in the habit of receiving his letters. *Crawford v. Br. Bank Mobile*, 7 Ala. 205; *Foard v. Johnson*, 2 Ala. 565; *Br. Bank Decatur v. Pierce*, 3 Ala. 321. Due diligence, and inability to ascertain the proper post-office at the time of dishonor, only, would excuse the failure to transmit notice there. The statute simply converts notice addressed to the residence, or the post-office nearest the residence of the party to be charged, *at the time he became a party*, into sufficient notice, without regard to his residence or post-office *at the time of dishonor*. In no other respect does it change or modify the rules of the law merchant, and is by its terms and in its objects confined to notices which under the law merchant are transmissible through the post-office.

The holder in giving notice is bound only to reasonable diligence. Presentment to, and demand of payment from

[John v.·City National Bank of Selma.]

the acceptor, and due notice of dishonor, is the condition precedent on which the liability of the indorser depends. If the holder uses due diligence to give notice of dishonor to the indorser, but is prevented by the act of the indorser, notice is excused. The holder is not in fault; he has done ·as near what the law requires as he could—and that he has not done more, is the fault of the indorser.—*Williams v. U. S. Bank*, 2 Pet. 96. When personal notice must be given, if *during business hours,* on the day of dishonor, or the succeeding day, the holder visits the place of business of the indorser to give him notice, and finds him absent, and no one there with whom notice may be left, and the doors ·closed, he is excused from giving notice. The burthen of proof rests on the holder to show notice, or an excuse for not giving it. If the absence of the indorser from his place of business when it was visited for the purpose of giving him notice, is relied on as an excuse, it must be shown the absence was *during hours of business.—Stephenson v. Primrose,* 8 Port. 155. It is only during such hours it is reasonable to expect to find him there, or any one with whom notice could be left for him. The evidence is very indefinite as to the hour of the day at which the notary visited the office of the indorser. No note of the time seems to have been made; it was in the afternoon of the day of dishonor, *and before sundown,* according to the recollection of the notary. What were *business hours* in Selma is not shown; and for aught that appears, the visit may have been at an hour when the notary could not justly and reasonably expect to find the indorser there. The visit may have been made to that office with the·bare hope of finding the indorser, and relieving himself from further trouble in giving notice. The residence of the indorser was known, and he was not sought there. Notice on the succeeding day would have been sufficient, yet it was not given; but, not finding him at his place of business in the afternoon, and it may be at an unreasonable hour, notice deposited in the post-office— the mode of notice the least troublesome to the notary—is the resort. When the facts are ascertained, the sufficiency ·of notice, or of the excuse for not giving it, is a question of law. The Circuit Court erred in holding there was due notice of the dishonor given by the deposit of notice in the post-office; or, that the absence of the indorser from his place of business, as it is shown by the evidence, was an ·excuse for the failure to give notice.

The second charge given by the court is clearly erroneous.

[Rapier et al. v. Louisiana Equitable Life Insurance Company.]

Notice should have been given on the day of dishonor, or on the succeeding day, to fix the liability of the indorser. If not then given, and facts do not then exist which excuse it, the indorser is discharged. No act of the holder subsequently can fix on him a liability. A demand of payment within three days after dishonor, cannot operate as the notice which should have been given, or cure the laches of the holder.

The other questions which are presented, it is not probable will arise on the same state of facts on another trial. It is sufficient to say in reference to them, that the notices of dishonor must inform the indorser of the fact of dishonor and that payment is expected of him. A notice which informs the indorser of the instrument, and of its dishonor, and that he is looked to for payment, is sufficient.

The judgment is reversed, and the cause remanded.