[Hooks v. Anderson.]

# Hooks *v.* Anderson.

*Action on Promissory Note.*

*Indorsement in blank of commercial note; liability of endorser.*—A person who writes his name in blank on the back of a note, negotiable and payable in bank, before it has been endorsed or put in circulation by the payee, is bound as though he made a perfect endorsement to another person; and the payee can not recover of him, without proof of a demand for payment at maturity, and due notice of non-payment.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

The appellee, Diana Anderson, brought suit against Turner and Hooks, as makers "of a promissory note made by them on the 25th day of October, 1873, payable ninety days after date, to the order of the plaintiff, at the Southern Bank of Alabama."

Turner made no defense, and judgment by default was rendered against him. Hooks pleaded the general issue. A jury trial was waived, and the decision of the case submitted on an agreed state of facts. The note sued on was as follows:

MOBILE, Oct. 25th, 1873.

Ninety days after date I promise to pay to Diana Anderson three hundred and seventen dollars and fifty cents, at the Southern Bank of Alabama, for value received.

HENRY TURNER.

Endorsements on the back of the note:

|                | her |
| S. W. HOOKS.   | DIANA ⋈ ANDERSON. |
|                | mark. |

It was shown by the agreed state of facts that "Henry Turner, desiring to borrow some money from the plaintiff, proposed to give her a note signed by himself and some good and solvent person; that some days afterward he brought her the note signed by himself and said Hooks; that she knew Hooks and believed him to be good and solvent. Hooks had signed said note at the request of Turner and for his benefit, to add strength to the note, and to enable Turner to get money on it. Plaintiff, on these facts, gave Turner the money and received the note. She would not have parted

with the money without the signature of Hooks or some other person becoming liable therefor with said Turner."

The court held that Hooks was liable to the plaintiff, and accordingly rendered judgment in her favor against Hooks, who excepted, and now assigns the ruling and judgment as error.

E. S. DARGAN, for appellant.—The law has long been settled in this State in favor of appellant.—*Jordan v. Garnett*, 3 Ala. 610; *De Yampert v. Milton*, 3 Ala. 648. If, however, it should be held that Hooks' is a regular indorsement, and the appellee is first indorser, then Hooks was discharged, because the note was not protested, and no demand made, nor notice given to Hooks.—*Price v. Lavender*, 38 Ala. 389.

BOYLES & OVERALL, *contra.*—Hooks put his name on the back of the note to enable Turner to borrow money. This made Hooks liable as principal.—*Rey v. Simpson*, 22 Howard, 350. Justice CLIFFORD says : "If he puts his name on the back of the note for the maker, at the time it was made, as surety for the maker, and for his accommodation, to give him credit with the payee, or, if he participated in the consideration for which the note was given, he must be considered as joint maker of the note."—See, also, *Price v. Lavender*, 38 Ala. 389.

MANNING, J.—The note, on which this suit was brought, is negotiable and payable in bank—what is called commercial paper. It is made payable to appellee, (the plaintiff below), and was delivered to her with the name of the maker, Turner, at the end of it, in the proper place, and that of Hooks indorsed on the back; and these two persons were sued together as joint makers. Judgment by default was taken against Turner, and upon issue made by Hooks, judgment was rendered against him. No demand of payment of the note was made at its maturity and notice of non-payment given to Hooks ; nor is there any excuse shown for not having done so. The only question is, whether or not, he was liable in this action and upon this state of facts.

The rule of decision in such cases in this State, was established many years ago. In *Jordan v. Garnett* (3 Ala. 610) the defendant's name was written on the back of an ordinary note, not commercial, when it was delivered to the payee. ORMOND, J., said, that defendant intended to bind himself as maker of the note, could not be supposed, for if he had he would have written his name at the bottom of the note. Neither was it a fair inference that the indorsement was

intended as a mere guaranty that the note would be paid at maturity; for such would not have been the effect of a regular assignment of the paper; and in the absence of proof it could not be presumed that the parties contemplated a greater liability than would be created by a regular assignment if the title had been in the assignor. The assignor of such a note would be liable, under the statute, for the amount of the note, only in the event a suit against the maker should be brought to the first term of court to which it could be brought after the maturity of the note. And it was, therefore, *held* that the undertaking of the defendant was an affirmation or warranty that the note, when due, could be collected, by due diligence, from the maker; and that, if no valid excuse existed, the maker must be sued to the first court after the maturity of the note, or the indorser would not be liable.

The same question arose upon a like irregular indorsement of commercial paper like the present, (a note negotiable and payable at the bank) by a defendant, to whom it had not been indorsed by the payee, in *Milton v. De Yampert*, (3 Ala. 648). Judge HENRY GOLDTHWAITE, speaking of the case of *Jordan v. Garnett, supra*, said: "We held that one who placed his name on an assignable, as distinguished from a negotiable, security, was not to be presumed to take upon himself a greater liability by such a blank signature, as is here shown, than he would have incurred by a regular indorsement. The same rule must be applied to this case, but the legal result is somewhat different, and this arises from the fact, that in this case, the note is negotiable and payable in bank." That able judge then argued that, as such an irregular indorsement is connected with and dependent upon the note or writing upon which it is made, it must import a liability ranging according to the nature of such note, and "that the liabilities of imperfect indorsements must be referred to and deduced from the securities on which they are found." And hence, he concluded that the imperfect indorsement must be governed by similar rules to those applicable to perfect indorsements, and that in the absence of any excuse, a similar degree of diligence is necessary to charge one who becomes bound by an imperfect indorsement, as is necessary to charge an actual indorser."

In the course of the investigation, alluding to the diversity in the decisions of similar cases in other States, Judge GOLDTHWAITE said: "In such a condition of adjudication, we are thrown upon principles, and it is evident that we must get our answer from the paper itself." And afterwards, when he had enunciated the rule above stated, he

[Morgan & Raynor, Trustees, v. Donovan.]

says : "We have not been able to perceive that any other general rule can be deduced from elementary principles, capable of covering all cases in which imperfect indorsements may be made."

This decision has ever since been considered as establishing the law in such a case, and it is so referred to by WALKER, C. J., in *Price v. Lavender*, 38 Ala. 389. He says : "Whatever may be the law in other countries, the law is settled in this State with respect to such indorsements, that, unexplained, they impose a liability in favor of the person to whom the indorsement is made against the indorser, which is strictly analagous to the liability upon a regular indorsement."

These decisions constrain us to say that the judge of the Circuit Court erred in his ruling.

Let the judgment below be reversed, and the cause be remanded.