# Carter *et al.* v. Odom, Sr.

*Action on Promissory Note; Statute of Frauds.*

1. *Statute of frauds; when not applicable.*—If a promissory note is executed by the maker and endorsed in blank by other parties at one and the same time, and as one and the same transaction, the statute of frauds has no application, the consideration mentioned in the note being a sufficient consideration for the endorsement; the endorsement is an original undertaking and not a promise to answer for the debt of another.

2. *Creditor a purchaser for value, when.*—When a creditor takes a note of his debtor with accommodation endorsements in payment of an antecedent debt, he is purchaser for value in due course of business, equally as if he has advanced money on the faith of it; and if such endorsement is made in blank to be used by the maker of the note to pay such debt, the indorser is liable to the payee, although the note was not put in circulation by him.

3. *Demurrer; when it is harmless to sustain.*—It is harmless to sustain a demurrer to pleas if under the undisputed facts matters set up in them would have been no defense.

4. *Demand on maker of notes; necessary to bind indorser.*—A payee of a note cannot recover of the endorsers, though the endorsements were "irregular," without allegation and proof of demand for payment of the makers at maturity and due notice to indorsers of protest for non-payment; hence no error to sustain a demurrer to a special plea setting up want of notice of protest—it is no more than the general issue.

5. *Endorser living in the same town with holder is entitled to notice of dishonor.*—Endorsers are entitled to personal notice of dishonor when they live in the same town with the holder of the note, provided the custom is not otherwise.

6. *Demurrer to evidence; effect of.*—By demurring to the evidence the defendant admits the truth of every fact, and every reasonable inference deduceable from the evidence, and cannot here test its competency.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. E. H. CABANISS, Special Judge.

James Odom, Sr., brought suit against Carter and others as the endorsers of a promissory note. The mak-

[Carter et al. v. Odom, Sr.]

ing and endorsing of the note were at the same time and as one transaction. It was given to pay an antecedent debt for money loaned by Odom to the makers of the note. There were certain demurrers interposed and ruled on, but they need no notice, as they are not referred to in the opinion. The defendants pleaded the general issue, want of consideration, and statute of fraud. A demurrer to the last named plea was sustained. On the final trial the defendants demurred to the evidence which demurrer was overruled and judgment rendered for the plaintiff.

Affirmed.

COLEMAN & BANKHEAD, for appellant.—The payee of a note cannot maintain an action against an accommodation endorser where the endorsement does not express the consideration—it being a promise to answer for the default of another.—*Hood v. Robins.* (2). Presentment to and demand of payment from the acceptor and due notice of dishonor is the condition on which the liability of the endorser depends.—*John v. City Nat. Bank,* 57 Ala. 96. (3). Where protest simply states that notice was given addressed to a certain place without adding that such place was the residence of the endorser it is insufficient.—*Sprague v. Tyson,* 44 Ala. 338; *German Security Bank v. McGarry,* 106 Ala. 633. (4). To endorsers in the same town with holder notice of dishonor must be given in person.—*Isbell v. Lewis,* 98 Ala. 550; *John v. The City Nat. Bank,* 57 Ala. 96; Biles on Bills, 185. (5). To legalize a notice by mail because of custom it must be shown that the custom is definite, uniform and well known.—*Central Bank v. Davis,* 19 Pick. 393; 3d Brick Dig., 291; *Ray v. Porter,* 42 Ala. 327.

APPLING & McGUIRE, contra.—The statute of frauds does not apply to commercial paper especially when the endorsement is contemporaneous with the making of the paper.—2nd Randolph on Com. Paper, Sec. 843; *Dunbar v. Smith,* 66 Ala. 490; *Epalla v. Wilson.* (2).The note was made and endorsed at the same time; the endorsers were makers of the note and not entitled to notice of protest.—*Marshall v. Simpson,* 16 L. Ed. U. S.

R'p'ts, 260; *Melton v. Brown,* 6. So. Rep., 211; *Morris v. B'ham Nat. Bank,* .93 Ala. 511. . (3). The effect of demurrer to evidence is an admission of the truth of the evidence and every inference and conclusion which the jury could legally deduce therefrom.—*Buffington v. Cook,* 39 Ala. 64; *Cen. R. R. v. Roquemore,* 96 Ala. 236; *Foster v. McDonald,* 5 Ala. 376.

TYSON, J.—The note sued upon was a negotiable instrument and governed by the commercial law as to days of grace, protest and notice.—Code, § 869, and authorities cited under it.

The record shows that the defendants admitted in open court that the note was given by the maker for borrowed money and the indorsements by the defendants were executed by them contemporaneously with its execution by the maker. There was then a valuable consideration for their indorsements and the statute of frauds has no application. The consideration expressed in the note will support the contract of indorsement and it need express none other than the consideration which the note upon its face implies to have passed between the original parties.—*Moses v. Lawrence County Bank,* 149 U. S., 298; *DeWolf v. Raband,* 1 Pet., 476; *Read v. Rowan,* 107 Ala. 366; *Phillipe v. Harberlee,* 45 Ala. 597. And when a creditor takes a note of his debtor, with accommodation indorsements, in payment of an antecedent debt, he is a purchaser for value in due course of business, equally, as if he had advanced money on the faith of it. When such indorsement is made in blank to be used by the maker in the payment of an antecedent debt due the payee, the indorser is liable to the payee, although the note was not put in circulation by him.—*Marks v. First National Bank,* 79 Ala. 550.

Such a contract of indorsement was not a collateral promise to answer the debt, default or miscarriage of the maker, but was an original, substantive contract founded on a present, valuable consideration moving from the payee to the maker.—*Dunbar v. Smith,* 66 Ala. 490; *Rutledge v. Townsend,* 38 Ala. 706; *Underwood v. Lovelace,* 61 Ala. 155; *Espalla et al. v. Wilson et al.,* 86 Ala. 487; *Thornton v. Guice,* 73 Ala. 321.

[Carter *et al.* v. Odom, Sr.]

If there was error in sustaining the demurrer to the pleas of the statute of frauds, it was without injury, since under the undisputed facts, matters set up in them would have been no defense.

The court sustained a demurrer to a plea of defendants alleging they were never legally notified of the protest of the note. The count of the complaint to which this plea was interposed as a defense expressly averred, as it was necessary to have been done to state a good cause of action, a presentation to the maker of the note for payment, its refusal after demand, and a protest for non-payment and notice to the defendants. This special plea was simply the general issue and there was no error in the ruling of the court in sustaining the demurrer to it. The defendants being indorsers, though their indorsement was what is known as an "irregular indorsement" were entitled to the same protection as to protest and notice as are indorsers of negotiable instruments made in the regular manner and mode. In other words, the payee cannot be permitted to recover of them without proof of demand for payment of the maker at maturity and due notice of non-payment.—*Hooks v. Anderson,* 58 Ala. 238; *Milton v. DeYampert,* 3 Ala. 648; *Price v. Lavender,* 38 Ala. 289.

The note being made in Jasper and payable there, no protest for non-payment was absolutely necessary to bind the defendants as indorsers. A notice given to them by the holder or his agent of its dishonor and that he looked to them for payment was all that was required.—3 Randolph on Com. Paper, 1144; *Shelton v. Carpenter,* 60 Ala. 201; *Knott v. Venable,* 42 Ala. 186; *Leigh & Co. v. Lightfoot,* 11 Ala. 935.

But the protest of such an instrument and the notice to them will operate to hold the indorsers if they received the notice. The contention here is that the mailing of the notices was insufficient; that the defendants were entitled to personal notice of the dishonor. This is true as a general rule where the holders and indorsers live in the same place, provided the custom is not otherwise.—*Tyson v. Oliver,* 43 Ala. 455; *Isbell v. Lewis,* 98 Ala. 550; *John v. City National Bank,* 57 Ala. 96. But mailing notices of the protest is sufficient if mailed with-

in the prescribed time where the holder and indorsers reside in different places. 2 Daniel on Neg. Inst. (3rd ed.) § 1021; 3 Randolph on Com. Paper; *Philipe v. Harberlee,* 45 Ala. 597; *Bibb v. McQueen,* 42 Ala. 408; *Gindrat et al. v. The Mechanics' Bank of Augusta,* 7 Ala. 324; *Greene v. Farley,* 20 Ala. 324; *Tyson v. Oliver, supra.* And this is the rule though the holder resides in the town where the instrument is protested and the indorsers, though residing in another, receive their mail through the postoffice of the same town in which the holder resides, or if the notice is in fact received by the indorsers, though they reside actually in the same town with the holder, and it is shown that the mailing of the notice is the customary mode of giving such notice.—*Greene v. Farley,* 20 Ala. 322; *Roy v. Porter,* 42 Ala. 327; *Gindrat v. The Bank, supra; Isbell v. Lewis, supra; John v. City National Bank, supra.*

There is no evidence in the record as to the residence of the holder of this note, the appellee, but whether we will presume that he resided at Jasper is not necessary, to decide under our view of the law of the case in the manner in which the question is here presented. Nor does it become necesary to decide between the conflicting opinions to be found in *Tyson v. Oliver at al. supra* and *Shelton v. Carpenter,* 60 Ala. 201, upon this question.

Section 891 (1177) of the Code has no application to this case in the absence of any proof that Jasper is a place of ten thousand or more inhabitants or in which there is a free postal delivery.—*Isbell v. Lewis, supra.*

The defendants interposed a demurrer to the evidence in the court below and it was from a judgment of the lower court upon their demurrer that this appeal is prosecuted. By adopting this mode of defense they admitted the truth of every fact and every reasonable inference deducible from the evidence and cannot here test its competency. This method substituted the trial judge for the jury to decide the weight and sufficiency of the evidence and admitted its competency for all purposes, leaving the only question to be determined whether the issues upon the evidence were for the plaintiff or defendants.—*Buffington v. Cook,* 39 Ala. 64; *Central Railroad*

[Carter *et al.* v. Odom, Sr.]

*v. Roquemore,* 96 Ala. 236. In the case of *Foster v. Mc-Donald,* 5 Ala. 376, involving the same question as presented here and upon practically the same state of facts, the effect of a demurrer to evidence is learnedly discussed. And it was there said: "It is further objected that there is no proof on the record that the notary put a letter containing the notice, in the postoffice because his certificate to that effect on the protest is not proof of the fact. The authority of the notary to certify the fact of notice is derived from a statute of this State, which it is argued does not extend to such a case as the present. We decline the examination of this question, because by demurring to the evidence, the defendant admitted its competency and referred to the court the question of its legal sufficiency to establish the fact it was offered to prove. If, as now contended, it was not competent evidence, then was there no evidence of notice to which the demurrer could apply, and yet it is clear that by the demurrer, the defendant demanded the judgment of the court upon the evidence. The impossibility of permitting the defendant now to object to the competency of the evidence will be apparent when we consider that if the objection had been taken in the court below other proof of the fact might have been offered. The objection can no more be taken in this proceding than it could have been after the verdict of the jury, and indeed, by the demurrer the court is substituted for the jury."

The argument and contention of defendants' counsel in this case assails the competency of the evidence, to prove want of proper notice, presentation of the note to the maker for payment, and its refusal after demand. In addition to the recitals in the notarial certificate of presentation and demand for payment and its refusal and a deposit in the postoffice at Jasper notices of protest addressed to the defendants, at Jasper, Ala., there is evidence of the fact as testified to by the notary that he notified the defendants by mail of the protest and that giving notice by mail was the custom prevailing there. Under the doctrine quoted above, the soundness of which we do not question, we must affirm the judgment.—*Carson v. The Bank,* 4 Ala. 148; *Young v. Foster,* 7 Port. 420.

Affirmed.